**Henry LUECKE and Mary Luecke, his wife, Appellants,**

**v.**

**MISSOURI DEPARTMENT OF CONSERVATION, Johnny Darrah, et ux., Respondents.**

**No. 48116.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1984.

Prudence L. Fink, Union, for appellants.

Leo M. Newman, Newman & Bronson, St. Louis, for respondents.

---

CRIST, Presiding Judge.

Plaintiffs brought an action against Mr. and Mrs. Johnny Darrah and the Missouri Department of Conservation alleging defendants' combined negligence resulted in the poisoning of plaintiffs' lake. The trial court, on September 21, 1983, entered summary judgment in favor of the Department of Conservation on the ground it was immune from tort liability on account of its sovereignty. See §§ 537.600, 537.610; *McConnell v. St. Louis Co.*, 655 S.W.2d 654, 656 (Mo.App. banc 1983); *Sanchez v. Missouri Department of Youth Services*, 672 S.W.2d 164 (Mo.App.E.D.1984). On September 27, 1983, plaintiffs filed a motion to set aside the summary judgment. Rule 73.01(a)(3). A hearing on this motion was held on November 15, 1983, and the motion was denied by the trial court. Plaintiffs filed their notice of appeal on December 15, 1983. We dismiss for want of appellate jurisdiction.

The Department of Conservation urges us to dismiss this appeal because the judgment of the trial court is not final or appealable, not having disposed of plaintiffs' claim against the Darrahs. As a general rule, the Department's position is correct. Exceptions exist, however.

Rule 81.06 contains several such exceptions to the purely statutory right to appeal prescribed in § 512.020, RSMo 1978. Among the exceptions, two deal with court tried claims. If the separate trial before the court is of a claim arising out of the same transaction, occurrence, or subject matter as the other claims in the case, the judgment is not deemed final for purposes of appeal unless specifically so designated by the trial court. If, however, judgment is entered on "an entirely separate and independent claim unrelated to any other," the judgment thereon is automatically deemed final unless the trial court takes specific action in making it interlocutory or holding it in abeyance pending determination of all other claims.

By entering summary judgment in favor of the Department of Conservation, a separate trial of a claim was had before the court without a jury. Two questions remain to be resolved in this appeal: Was the judgment entered final and appealable under Rule 81.06, and if so, at what time, for purposes of calculating the time in which to appeal, did the judgment become final?

■ The seminal case dealing with the issue of finality under Rule 81.06 of court tried claims is *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1, 3 (Mo.App. 1975). A judgment disposing of a claim arising from the same factual predicate as other claims in the action is to be automatically deemed final if the remaining claims or counts are independent of the claim on which judgment is entered. The test, therefore, is one of dependency. So long as the remaining claims are not "dependent in any respect upon the outcome of or final disposition of" the judgment rendered, that judgment is final without need for the trial court to so designate. *See also, Chubb Group of Insurance v. C.F. Murphy & Assoc.*, 656 S.W.2d 766, 773 (Mo.App.1983).

■ Applying these rules to the present action, the trial court's grant of summary judgment on September 21, 1983, must be deemed an appealable judgment unless the trial court designated it interlocutory, ordered it held in abeyance, or stayed its enforcement. Rule 81.06. The defense of sovereign immunity, like the defense of the statute of limitations in *Crenshaw* and *Chubb Group*, is a defense unique to the Department of Conservation in this cause. Recognizing sovereign immunity as a complete defense to plaintiffs' claim against the Department of Conservation has no effect on plaintiffs' claim against the Darrahs. In successfully raising this defense, the judgment entered thereon was intended to be separate and apart from any relief plaintiffs may receive from the Darrahs. Therefore, the summary judgment of September 21, 1983, was final and appealable unless the trial court ordered it stayed or held in abeyance. The trial court, however, made no such order.

Having concluded the judgment of September 21, 1983, was final and appealable,

it remains to be determined the time at which the judgment became final for purposes of appeal. Following entry of the summary judgment, plaintiffs filed a motion to vacate. This motion was heard and denied on November 15, 1983. When such after-trial motion is timely filed, the underlying judgment becomes final by operation of law 90 days after if it is not ruled upon, or, if passed on at an earlier date, the date on which it is disposed. Therefore, the summary judgment, for purposes of calculating the time in which to appeal, became final when the motion to vacate was disposed of on November 15, 1983.

Plaintiffs, however, waited until December 15, 1983, to file their notice of appeal. Rule 81.04 mandates the time in which the notice of appeal must be filed: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Insofar as plaintiffs' notice of appeal was not filed until 30 days after the judgment became final, we lack jurisdiction to consider any of the merits of the appeal and dismiss.

Appeal dismissed.

REINHARD and SIMON, JJ., concur.