Danny THOMAS, Plaintiff-Appellant,

v.

M___ R___ A___, Defendant,

and

Charles Keithly, Van Michelle, Mike Smith, and Carl Rodney Land, Defendants-Respondents.

No. 14468.

Missouri Court of Appeals, Southern District, Division Two.

July 10, 1986.

Donald L. Clough, Springfield, for plaintiff-appellant.

Peter H. Rea, Branson, for defendants-respondents.

CROW, Judge.

This is an appeal from a summary judgment. The issues are easier stated after a synopsis of the case.

Danny Thomas ("plaintiff") sued five defendants: (1) M___ R___ A___, (2) C.L. Keithley, identified in plaintiff's petition as "Charles Keithly," (3) Van Michel, identified in plaintiff's petition as "Van Michelle," (4) Michael W. Smith, identified in plaintiff's petition as "Mike Smith," and (5) Carl Rodney Land. The petition alleged, among other things, that at the time of the events described therein, Keithley was the Sheriff of Taney County, Michel was a Deputy Sheriff of Taney County, Smith was an "auxiliary Deputy Sheriff" of Taney County, and Land was "a trainee with the Taney County Sheriff's Department."

Counts I and II of the petition endeavored to plead claims against defendant A___ only. Count I averred that A___, on June 23, 1983, and other occasions thereafter, maliciously and falsely accused plaintiff of raping her, as a result of which plaintiff was "jailed and had to pay sub-stantial attorney fees and other costs to clear himself." Count I prayed for actual damages from A___ of $500,000, and for punitive damages from her in like amount.

Count II repeated the allegations of Count I, adding that plaintiff was arrested and charged with rape, that reports thereof appeared in a newspaper and were broadcast on television and radio, and that plaintiff was subsequently acquitted of the charge by a jury. Count II pleaded that plaintiff was "greatly injured in his good name, fame and reputation plus he has suffered loss of employment because of these false and malicious charges." Count II prayed for actual and punitive damages against A___ in the same amounts as Count I.

Count III, the subject of this appeal, is the *only* count that sought relief against Keithley, Michel, Smith, and Land. Count III averred that those four defendants ("the Count III defendants"), on June 23, 1983, and thereafter, made malicious and false statements with intent to injure plaintiff, as a result of which plaintiff was arrested, jailed, and charged with rape. Though not spelled out in Count III, it is readily inferable that the rape case referred to therein is the same case as the one referred to in Counts I and II. Furthermore, pleaded Count III, Keithley "maliciously refused to check the alibi of Plaintiff and, as a result, Plaintiff was required to go through a jury trial and pay substantial attorney fees and other costs to clear his good name." Count III concluded with an allegation that the fact that plaintiff had been arrested and charged "was published in the newspaper and was on television and radio," causing plaintiff actual damages of $2,000,000. Judgment was sought against the Count III defendants for $2,000,000 actual damages, and for a like amount as punitive damages. How plaintiff sustained actual damages of $2,000,000 as a result of the alleged conduct of the Count III defendants, yet sustained actual damages of only $500,000 as a result of the alleged conduct of defendant A___, when the alleged conduct of all five defendants osten-

sibly resulted in the same arrest, charge, trial, and publicity, was unexplained.

The Count III defendants timely filed a pleading captioned "Answer," which, among other averments, stated that plaintiff "has lied in this for the wicked and terrible purpose of revenge, which revenge drips with malice, is covered over with wickedness, glossed with meaness [sic], and permeated with evil in his pleadings, which pledings [sic] lack the necessary ingredients of truth and should be stricken underlaw [sic]."

This pleading prompted an immediate motion by plaintiff for summary judgment against the Count III defendants, on the stated ground that the "Answer" showed that there was no genuine issue as to any material fact, and that plaintiff was entitled to judgment as a matter of law.

Plaintiff's motion for summary judgment triggered a motion by the Count III defendants captioned "Motion for Judgment on the Pleadings." Several weeks later, in support of their motion, the Count III defendants filed an affidavit signed by all of them, together with an affidavit signed by the Prosecuting Attorney of Taney County. The pertinent elements of these affidavits are detailed *infra*.

In response to those affidavits, plaintiff filed one of his own, the relevant parts of which are likewise set out *infra*.

On August 9, 1985, the trial court, with counsel for plaintiff and counsel for the Count III defendants present, conducted a hearing. The court's docket entry states, in pertinent part:

> "Argument heard on [the Count III defendants'] Motion for Summary Judgment and Ct advises deft attorney that this Court after considering all the pleadings & affidavits in the file will sustain [the Count III defendants'] Motion for Summary Judgment on Aug. 19, 1985, unless otherwise prohibited by Pl's attorney and said Summary Judgment shall

be entered without further order of this Court."

At the conclusion of the hearing, the trial court granted a pending motion by plaintiff for a change of venue from Taney County, and ordered the cause transferred to Christian County.

Plaintiff promptly filed an application for a writ of prohibition with us, seeking to prevent the trial court from entering summary judgment in favor of the Count III defendants.

In an unreported order,[1] we denied the application on the ground that plaintiff had an adequate remedy by appeal. This appeal followed.

Before considering plaintiff's assignments of error, three observations are apt.

First, at the time of the hearing on August 9, 1985, no motion for summary judgment was pending on behalf of the Count III defendants. Instead, as noted earlier, they had moved for judgment on the pleadings, and had supported that motion by affidavits. Rule 55.27(b)[2] provides that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment per Rule 74.04. The trial court evidently treated the motion of the Count III defendants for judgment on the pleadings as a motion for summary judgment under those two rules. As no issue is raised about that in this appeal, we shall do likewise.

Second, after the docket entry of August 9, 1985, the trial court entered no formal decree granting summary judgment in favor of the Count III defendants. Neither party, however, has questioned the efficacy of the entry of August 9, 1985; consequently, we shall assume, *without deciding*, that the entry was sufficient to constitute a summary judgment in favor of the Count III defendants, the effective date thereof being August 19, 1985.

---

**1.** Our case number 14414.

**2.** Rule references are to Missouri Rules of Civil Procedure (16th ed. 1985).

Third, while no relief was sought against defendant A____ in Count III of the petition, money damages were demanded of her in Counts I and II, and nothing in the entry of August 9, 1985, purported to dispose of those claims. Thus, the entry of August 9, 1985, clearly did not resolve all of the issues between all of the parties. Furthermore, the trial court did not endeavor to designate the entry as a final judgment for purposes of appeal under Rule 81.06. Consequently, although ignored by the parties, it is painfully obvious that an issue exists as to the appealability of the trial court's order. That issue is discussed after we consider plaintiff's two assignments of error.

■ Plaintiff's first assignment of error, verbatim, is:

"The trial court erred when it sustained defendants motion for summary judgment because as a matter of law a motion for summary judgment should not be sustained unless it is shown by unassailable proof that there is no question as to fact or law and that the prevailing party is entitled to judgment and as a result, plaintiff was unable to offer evidence showing he was entitled to relief."

The point, as penned, violates Rule 84.-04(d), in that it fails to state wherein and why the trial court erred in granting summary judgment. If indeed there were one or more unresolved questions of fact or law, we are left to ponder what they were, as they are nowhere identified in the assignment of error. For guidance in complying with Rule 84.04(d), we refer plaintiff to *Thummel v. King,* 570 S.W.2d 679, 684–87 (Mo. banc 1978).

By sifting the argument under plaintiff's first point—a task we are not obligated to perform, *State v. Davis,* 586 S.W.2d 748, 750[4] (Mo.App.1979)—we have, we believe, extracted the contentions on which plaintiff

relies. We shall state them as we understand them.

First, plaintiff maintains that the "Answer" of the Count III defendants neither admitted nor denied plaintiff's allegations against them. Therefore, says plaintiff, those allegations are, by reason of Rule 55.09,[3] deemed admitted.

A hint of the tenor of the "Answer" is supplied by the quotation therefrom appearing in the sixth paragraph of this opinion. The "Answer," one of the most animated pleadings one will ever likely encounter, avers that plaintiff's petition "is full of lies and is filed with malice," that plaintiff's allegations are "false," that plaintiff "has done a wicked thing in filing false charges against" [the Count III defendants], and that plaintiff "has lied in his pleadings." The "Answer" adds that plaintiff "was arrested as a result of a warrant of a Judge who made a finding of probable cause not based on conduct of" [the Count III defendants], and that plaintiff "was jailed as a result of the order of a Court and not by the power of the act, ommission [sic] or word or deed of" [the Count III defendants]. Nowhere, however, does the "Answer" employ the words "admit" or "deny" with respect to any allegation in any of the three numbered paragraphs of Count III of plaintiff's petition.

One wonders why an attorney, in filing an answer, would risk jeopardizing the interest of his clients by neglecting to clearly and specifically deny those allegations of the petition which his clients dispute. Be that as it may, we take the "Answer" as we find it, and we are obliged to decide whether the Count III defendants, by reason of Rule 55.09, are deemed to have admitted plaintiff's allegations in Count III.

While we find no helpful Missouri case on the issue—and neither side has cited one[4]—we do. find in *Shinn Irrigation*

---

3. Rule 55.09 provides, in pertinent part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleadings."

4. Astonishingly, neither side, in its respective brief, cites a case on *any* issue.

*Equipment, Inc. v. Marchand,* 1 Wash. App. 428, 462 P.2d 571, 572[1] (1969), the principle that denials must be definite enough to inform the adverse party of the issues he must be prepared to meet. Additionally, *Redevelopment Agency of the City of Fresno, Inc. v. Herrold,* 86 Cal. App.3d 1024, 150 Cal.Rptr. 621, 625–26[6] (1978), explains that either a denial of the complaint's allegations or an affirmative statement contrary to the allegations is normally sufficient to raise an issue.

Applying the rationale of those cases to the "Answer" herein, we reject plaintiff's premise that the allegations in Count III of his petition are deemed admitted. It would be contrary to common understanding to hold that a party who characterizes the averments of his adversary's pleading as "false" and "lies" is deemed to have confessed their truth. Furthermore, as observed earlier, the "Answer" affirmatively pleaded that plaintiff was arrested and jailed as a result of court action, and not by the act, word, or deed of the Count III defendants. With the caveat that the pleading style of the attorney for the Count III defendants should not be cited as a model in law school classes on pleading and procedure, we hold that the "Answer" did not, by operation of law, confess the allegations of Count III.

Plaintiff's second contention under his first assignment of error is that the Count III defendants failed to admit, deny, or object to certain requests for admissions submitted to them on April 12, 1985. Consequently, says plaintiff, the matters are deemed admitted per Rule 59.01.[5]

The contention is factually incorrect. The only requests for admissions in the record supplied us are directed to defendant Keithley *alone.* If similar requests were served upon any of the other Count III defendants, such requests are nowhere to be found in the record on appeal. Thus, at most, the failure to answer or object could harm only defendant Keithley.

▇ Having set that item in place, we next take account of the nature of the tort which plaintiff seeks to assert against the Count III defendants.

While the allegations of Count III, construed liberally in favor of plaintiff, might possibly have been adequate to plead slander, or perhaps malicious prosecution, we need not speculate about what tort plaintiff intended to pursue against the Count III defendants, as plaintiff's brief, in three places, identifies the tort as "false imprisonment."

*Rustici v. Weidemeyer,* 673 S.W.2d 762, 767[3, 4] (Mo. banc 1984), explains that the essence of the cause of action of false arrest, or false imprisonment, is the confinement, without legal justification, by the wrongdoer of the person wronged. A person may also be liable for false arrest if he does not actually confine the plaintiff but merely instigates it, as in the case of providing information on the basis of which a subsequent unlawful arrest is made. *Id.* A suit for false arrest or false imprisonment is the proper action where the aggrieved person is arrested *without legal process,* but where the process on which the arrest was made is regular on its face, but was sued out maliciously and without probable cause, the remedy of the injured person is an action for malicious prosecution. *Coffman v. Shell Petroleum Corp.,* 228 Mo.App. 727, 71 S.W.2d 97, 98[1] (1934). As said in *Thompson v. Farmers' Exchange Bank,* 333 Mo. 437, 62 S.W.2d 803, 810[7] (1933): "There is a well-defined and fundamental distinction between malicious prosecution and false imprisonment; in the former the detention is malicious, but, under the due forms of law, in the latter the detention is without color of legal authority." For succinct statements of the elements of false imprisonment and malicious prosecution see MAI 23.04 [1983 Re-

---

**5.** Rule 59.01(a) provides, in pertinent part: "The matter is admitted unless, within 20 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney...."

vision], and MAI 23.07 [1980 Revision], respectively.

Having made our way this far, we now turn to the affidavits supporting the motion of the Count III defendants for judgment on the pleadings, and to plaintiff's affidavit in opposition thereto, to determine whether the affidavits, as pertinent to a claim of *false imprisonment*, demonstrate that there was no genuine issue as to any material fact and that the Count III defendants were entitled to judgment as a matter of law. Rule 74.04(c).

The affidavits on behalf of the Count III defendants, as we read them, set forth that plaintiff was arrested pursuant to a warrant issued by an associate circuit judge in Taney County, and was not arrested by any of the Count III defendants merely on probable cause to believe he had committed the alleged rape. The affidavits, as we comprehend them, further aver that the decision to hold plaintiff for trial was made by the same judge after a preliminary hearing.

Plaintiff's affidavit does not controvert any of those circumstances. Instead, it alleges that defendant Keithley has a long-standing hatred for plaintiff and his family, that Keithley did not "check out" plaintiff's alibi in the rape case or, if Keithley did, he ignored what the alibi witnesses said, and that defendants Michel, Smith, and Land all made false statements at *trial* regarding plaintiff's whereabouts at the time of the alleged rape. Plaintiff's affidavit then itemizes the elements one must prove in a *malicious prosecution* case, and states that plaintiff will present evidence establishing those elements at trial. That, however, is not germane to this appeal, as plaintiff has conceded that his cause of action, if any, against the Count III defendants is for *false imprisonment*. Plaintiff's affidavit concludes with an assertion that the probable cause for the issuance of the warrant and the probable cause which the court determined existed after the preliminary hearing of the rape case was a result of false testimony. The affidavit fails, however, to accuse any of the Count III defendants of having given false testimony at the preliminary hearing.

Facts set out in affidavits in support of a motion for summary judgment, when not controverted by opposing affidavits, are deemed admitted, even if contrary to pleading allegations. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978); *Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446, 450[1] (Mo.App. 1984).

Viewed in accordance with that rule, the record before us establishes that plaintiff was arrested because of a warrant issued by a judge, and that plaintiff was held for trial by order of the same judge after a preliminary hearing. There is no showing that the officer who arrested plaintiff pursuant to the warrant was one of the Count III defendants, but even if that were so, such arrest would not supply the basis for a civil action for false imprisonment. The general rule is that an action for false arrest and imprisonment will not lie against officers executing process where the acts were done in the lawful execution of process issued from a court having jurisdiction to issue the process, and where the writ or process is legal in form and there is nothing upon its face to indicate or apprise that it was issued without authority. *Zeitinger v. Mitchell*, 244 S.W.2d 91, 96[6] (Mo.1951).

■ Lest what we say be misconstrued, we point out that if the Count III defendants maliciously and by the knowing use of false information caused the charge to be filed and the warrant to be issued, they would be subject to a cause of action for malicious prosecution. We need not, however, explore that hypothesis further, as we are dealing here with a claim against the Count III defendants for false imprisonment.

The facts established by the affidavits demonstrate that so far as *that* claim against the Count III defendants is concerned, there was, in the trial court, no genuine issue as to any material fact, and that the Count III defendants were entitled to judgment in their favor as a matter of law.

This brings us to the question whether defendant Keithley's failure to answer or object to the requests for admissions altered the factual posture of the case as to him, thereby making it improper to grant summary judgment in his favor. In an effort to mitigate Keithley's failure to answer or object within the time allowed, his attorney has directed our attention to a motion filed on behalf of all Count III defendants, seeking an extension of time "in which to answer interrogatories and provide discovery as prayed." This motion, however, was not filed until June 5, 1985, long after the deadline for answering or objecting to plaintiff's requests for admissions.

Obviously mindful of this, counsel says that because an application by plaintiff for a change of judge was granted May 2, 1985, "there was never a time when a judge was in Forsyth, Missouri to make any rulings of any kind on anybody's motion until August 9, 1985" (the date of the hearing that resulted in the order appealed from).

While that may be true, we note that on May 17, 1985, the circuit clerk received an order of the Supreme Court of Missouri assigning the Honorable Dean Whipple to the case, so there was a judge with authority to rule on motions from and after that date. Keithley's counsel offers no excuse for waiting until June 5, 1985, to file the request for extension of time.

We need not, however, decide whether Keithley, by reason of the foregoing circumstances, is deemed to have admitted the matters requested, because, even so, such admissions would not change our holding.

As pointed out earlier, Count III of plaintiff's petition charged Keithley with wrongful conduct in two respects: (a) making malicious and false statements about plaintiff, which resulted in his being arrested, jailed, and charged with rape, and (b) maliciously refusing to "check the alibi" of plaintiff, which resulted in his having to undergo a jury trial.

Plaintiff's request for admissions sought to have Keithley admit that he did not obtain "medical evidence" that A＿＿ had been raped, that A＿＿ was examined by a physician on June 23, 1983, that plaintiff was placed in a lineup "under circumstances that made it probable that he would be picked as the rapist," that contrary to good police practice A＿＿'s clothes were not sent to a laboratory for examination, that contrary to good police practice Keithley and his deputies did not interview seven "alibi" witnesses, that a trainee and deputy sheriffs working for Keithley testified that they saw plaintiff's car in downtown Branson about 8:30 p.m., June 23, 1983, that plaintiff did not match the description of the alleged rapist given by A＿＿, that Keithley and one of his sisters dislike plaintiff, and have since prior to June 23, 1983, that Keithley dislikes plaintiff's brother and had such dislike on June 23, 1983, because the brother was going to run against Keithley for sheriff, and that Keithley stated publicly and privately that plaintiff was guilty of rape.

Emphasizing again that the cause of action plaintiff sought to assert against Keithley was for false imprisonment, and that the affidavits established that plaintiff's arrest was made pursuant to a warrant issued by a judge, we fail to see how the items plaintiff requested Keithley to admit, even if admitted, would render Keithley liable for false imprisonment. Whether they might establish liability on some other theory is irrelevant to this appeal, and we express no opinion thereon.

The contentions we have considered are, as best we can determine, all of those advanced by plaintiff in support of his first assignment of error. Having found no merit in any of the contentions, we deny plaintiff's first point.

Plaintiff's second, and final, assignment of error, verbatim, is:

"The trial court erred when it failed to sustain plaintiff's motion for summary judgment because the defendants did not deny the allegations in the petition and therefore admitted same and defendants

failed to deny or admit or object to the request for admissions and therefore they are deemed admitted and as a matter of law after admitting the allegations in the petition and the requests for admissions, there are no issues of fact or law for the court to consider and the motion should have been sustained."

This point obviously presents the identical issues as the first point, i.e., the effect of the "Answer" of the Count III defendants and the effect of Keithley's failure to answer or object to the request for admissions within the time required. These issues have been decided adversely to plaintiff in our consideration of his first point, and nothing else need be said. Plaintiff's second point is denied.

Having detected no merit in either of plaintiff's assignments of error, we hold that the trial court did not err in entering summary judgment in favor of the Count III defendants, nor did the trial court err in refusing to enter summary judgment in favor of plaintiff on Count III.

■ This brings us to the issue whether the order granting summary judgment in favor of the Count III defendants was appealable, a question that logic suggests should have been addressed at the outset. From the analysis that follows, however, it will become apparent that the issue of appealability hinges on whether plaintiff's claims against defendant A____ in Counts I and II are dependent upon the outcome of plaintiff's claim against the Count III defendants. Consequently, it was expedient to defer consideration of the appealability question until we had dealt with the trial court's disposition of Count III.

Rule 81.06 provides, in pertinent part: "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. How-

ever, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined."

A hearing on a motion for summary judgment is a separate trial before the court without a jury, thus the trial court may properly designate a judgment entered on the motion a final judgment for purposes of appeal under Rule 81.06. *Bell v. Garcia*, 639 S.W.2d 185, 188–89[4] (Mo. App.1982). Such designation, however, is not binding on the appellate court. *State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 332[3] (Mo.1973); *Redeker v. Bradbury*, 680 S.W.2d 403, 405[3] (Mo.App.1984).

Here, we noted earlier that the trial court did *not* designate the summary judgment final for purpose of appeal, and the judgment did not dispose of all issues between all parties. In such circumstances, whether the summary judgment is appealable is a difficult issue, which we must decide unaided by the brief of either side.

In *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1 (Mo.App.1975), suit was brought in three counts against an insurance company, seeking recovery under the uninsured motorist provision in an insurance contract. One count arose from the death of a child of two of the plaintiffs. The trial court ordered that count dismissed on the ground that the cause of action had been extinguished because suit had not been filed within two years after the death, and, consequently, the plaintiffs could not establish that at the time the suit was commenced, they were legally entitled to recover damages from the owner or operator of the uninsured vehicle. The trial court did not designate the order of

dismissal as final for purposes of appeal. The appellate opinion, observing that the disposition of the remaining counts was not dependent in any respect upon the disposition of the dismissed count, held the order appealable. The lack of dependency, said the court, was emphasized and pointed up by the fact that the final disposition of the dismissed count was because the claim had been extinguished by limitations. *Id.* at 3. Disposition of that count on that basis could not affect the disposition of the two remaining counts.

The same analysis was applied in *Luecke v. Missouri Department of Conservation*, 674 S.W.2d 691 (Mo.App.1984), where two landowners sued the Department of Conservation and two individual defendants, alleging that the combined negligence of all three defendants poisoned the landowners' lake. The trial court entered summary judgment in favor of the Department on the ground that it enjoyed sovereign immunity from tort liability. The judgment made no disposition of the claims against the two individual defendants. The appellate opinion held that the entry of summary judgment in favor of the Department constituted a separate trial of a claim by the court without a jury, within the meaning of Rule 81.06. As to whether the judgment was appealable, the opinion, citing *Crenshaw*, stated:

> "A judgment disposing of a claim arising from the same factual predicate as other claims in the action is to be automatically deemed final if the remaining claims or counts are independent of the claim on which judgment is entered. The test, therefore, is one of dependency. So long as the remaining claims are not 'dependent in any respect upon the outcome of or final disposition of' the judgment rendered, that judgment is final without need for the trial court to so designate." *Luecke*, 674 S.W.2d at 692[1].

The defense of sovereign immunity was a defense unique to the Department. Recognizing that defense as a bar to the landowners' claim against the Department had no effect on the landowners' claims against the individual defendants. Thus, summary judgment in favor of the Department was appealable. *Id.* at 692.

Applying *Crenshaw* and *Luecke*, we hold that the summary judgment in favor of the Count III defendants in the instant case is appealable, despite the fact that Counts I and II of plaintiff's petition against defendant A___ remain unadjudicated. The two counts against A___, as we see it, are not dependent in any respect on the outcome of Count III. Plaintiff does not allege a conspiracy between A___ and the Count III defendants, and whether A___ falsely accused plaintiff of raping her is a separate question from whether any of the Count III defendants made statements that plaintiff raped A___. Additionally, we cannot determine with certainty what tort plaintiff seeks to pursue against A___ in either Count I or Count II. While slander and malicious prosecution are among the possibilities, it is unnecessary to decide whether either count is sufficient to plead either tort. The important factor is that whatever claim—if any—plaintiff may be able to establish against A___ is not dependent in any respect upon the disposition of Count III by summary judgment. Under *Crenshaw* and *Luecke*, the summary judgment in favor of the Count III defendants is therefore appealable.

In holding the summary judgment appealable, we have not overlooked *Afshari Enterprises, Inc. v. Venz*, 689 S.W.2d 846 (Mo.App.1985), which held that a summary judgment against one of two defendants was not separately appealable. There, however, the opinion noted that the claim against both defendants was the same cause of action. *Id.* at 847. That circumstance does not exist here.

The trial court's order granting summary judgment in favor of the Count III defendants is affirmed.

PREWITT, C.J., HOGAN, P.J., MAUS, J., and FRANK CONLEY and GARY A. FENNER, Special Judges, concur.