**Thomas J. CIMAGLIA and Sherrin Cimaglia, Appellants,**

**v.**

**COUNTY OF ST. LOUIS and Redland Prismo Corporation, Respondents.**

**No. 54111.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Wiseman, Shaitkeqitz, McGivern Wahl, Flavin & Hesi, P.C., Robert S. Flavin, St. Louis, for appellants.

Daniel Bartlett, Jr., Clayton, Kathi Lynne Chestnut, John A. Michener, St. Louis, for St. Louis County.

John G. Enright, St. Louis, for Redland.

CRIST, Presiding Judge.

Plaintiffs appeal the denial of their motion seeking reconsideration of the granting of summary judgment in favor of St. Louis County (County) and seeking to add or substitute the Missouri Insurance Guaranty Association (MIGA) as a party to the action. We dismiss the appeal of the summary judgment as untimely.

Plaintiff Thomas J. Cimaglia filed suit against County and the City of Florissant on August 8, 1984, alleging defendants' negligence caused his motorcycle accident which occurred on June 8, 1984. County filed a motion to join Redland Prismo Corporation (Redland) as a third-party defendant, which was granted. Summary judgment was granted for the City of Florissant for the reason the City did not maintain the road where the accident occurred. Plaintiff later added Redland as a defendant. Sherrin Cimaglia then joined as a party plaintiff in the action. Plaintiffs alleged wet paint on the roadway caused the motorcycle accident which injured plaintiff Thomas J. Cimaglia. They sued County

for negligently using lane striping paint which failed to dry within twenty seconds, failing to check and see whether the paint was drying in twenty seconds, as it was supposed to, and failing to warn the public of the wet paint. Plaintiffs sued Redland on negligence and strict liability theories for manufacturing defective paint which failed to dry within twenty seconds. In County's third-party petition against Redland, it alleged it was entitled to indemnity or contribution from Redland if the jury found the paint was defective because it failed to dry properly.

County filed a motion for summary judgment after its insurer, Transit Casualty Company, became insolvent. The motion was based on sovereign immunity. Sections 537.600 and 537.610, RSMo 1986, abrogate the defense of sovereign immunity in actions involving injuries caused by the dangerous condition of public property only to the extent of coverage of liability insurance. The County contended that due to the insolvency of its insurer, it was no longer covered by liability insurance, and therefore, plaintiffs' claim against it was precluded by sovereign immunity. *See Orlando v. St. Louis County,* 740 S.W.2d 393, 395[2] (Mo.App.1987). The summary judgment was granted on April 21, 1986. The case against Redland was eventually settled before coming to trial.

On October 2, 1987, plaintiffs filed their motion to reconsider the summary judgment granted in favor of County and to add or substitute defendants. In their motion to add or substitute defendants, plaintiffs offered no pleading substituting or adding MIGA for the court to consider and neither alleged nor presented evidence to show they had taken the steps necessary to present a claim to MIGA. The motion was overruled on November 12, 1987, and plaintiffs appeal therefrom.

County contends this court has no jurisdiction over plaintiffs' claim because the appeal is untimely. Plaintiffs contend the appeal is timely because the summary judgment was not final for purposes of appeal until December 4, 1987, the date plaintiffs dismissed their claim against Redland.

At the time the summary judgment was entered, Rule 81.06 was in effect. "A judgment disposing of a claim arising from the same factual predicate as other claims in the action is to be automatically deemed final if the remaining claims ... are independent of the claim on which judgment is entered." *Luecke v. Missouri Dept. of Conservation,* 674 S.W.2d 691, 692[1] (Mo. App.1984). In *Luecke,* we found the defense of sovereign immunity was available to only one of the defendants, the Department of Conservation, and a ruling on that issue did not affect plaintiffs' claim against the other defendants. *Id.* The defense of sovereign immunity was also the basis for summary judgment in this case, and it was, likewise, only available to County. Thus the judgment was independent of the claims against Redland and was final and appealable.

■ Because no after-trial motions were filed, the order of summary judgment became final for purposes of appeal thirty days after its issuance on April 21, 1986. Rule 81.05. Therefore, the notice of appeal, to be timely, must have been filed within ten days thereafter. Rule 81.04. Plaintiffs filed their motion for reconsideration on October 2, 1987, and their notice of appeal on December 14, 1987, more than a year after the judgment. Therefore, plaintiffs' appeal of the summary judgment was not timely, and we are without jurisdiction to consider it at this time.

■ Moreover, we find no abuse of discretion in the trial court's denying joinder of MIGA at this late stage in the proceeding, especially since plaintiffs neither alleged nor presented evidence to show they had taken the steps necessary to present a claim to MIGA.

Appeal dismissed.

DOWD and REINHARD, JJ., concur.