**Tammy RANKIN, Plaintiff/Appellant,**

v.

**VENATOR GROUP RETAIL, INC.,
d/b/a Lady Foot Locker, et al.,
Defendants/Respondents.**

No. ED 80833.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 24, 2002.

Mary Judith Gioia, St. Louis, MO, for appellant.

James W. Reeves, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

In an action for false imprisonment and malicious prosecution, plaintiff, Tammy Rankin, appeals from the trial court's judgment, entered pursuant to a jury verdict, in favor of defendant, Venator Group Retail, Inc. d/b/a Lady Foot Locker, on the false imprisonment claim and from the trial court's grant of summary judgment in favor of defendants, Lindy Robertson and Tom Favre, on both the false imprisonment and malicious prosecution claims. We affirm.

The evidence adduced at trial established that on March 14, 1998, plaintiff, her mother, her two children, and her nephew were shopping at South County Center Mall (hereinafter "the mall"). They entered Lady Foot Locker (hereinafter "the store"), a store owned and operated by defendant, Venator Group Retail, Inc. (hereinafter "Venator"). This was the same store at which plaintiff purchased items totaling $168.00 two days earlier. The store manager assisted plaintiff and let her into a dressing room. Plaintiff testified that she took one jogging suit, consisting of a jacket and pants, into the dressing room; but the store manager testified that she thought plaintiff took two jogging suits with her. When plaintiff left the dressing room, she returned a jogging suit. Plaintiff testified that the pants and jacket of the jogging suit were on two separate hangers, but the store manager testified that when plaintiff went into the dressing room the pants and jacket of each jogging suit were on one hanger. When the store manager found two hangers with only one piece of clothing on each, she telephoned the police to report the theft of one jogging suit.

Defendants, Lindy Robertson, a uniformed police officer (hereinafter referred to as "police officer"), and Tom Favre, a uniformed reserve officer (hereinafter referred to as "reserve officer") (hereinafter collectively referred to as "police officers"), responded to the store. Based on a description furnished by the store manager, the police officers located plaintiff and her

family members in the mall. When they approached her, they asked if she had the jogging suit. After plaintiff denied having the jogging suit, she consented to a search of her person and her bags. She stated that she did so because she wanted to prove to her children that she did not take the suit. The police officer denied searching her person; but did search her bags, finding no jogging suit. The police officer suggested they search her car and plaintiff consented to that search. Plaintiff stated that the police officer took her by the wrist to escort her to her car on the parking lot, but the police officer denied touching plaintiff. As the police officer accompanied plaintiff to her vehicle, the reserve officer drove the patrol car to plaintiff's car. Plaintiff handed the police officer her car keys. The police officer then searched the car's trunk and interior, but did not find a jogging suit. During the searches inside the mall and on the parking lot, plaintiff's mother informed plaintiff that she thought that the police officers needed a warrant to search her and also ordered the police officers not to look into any of her bags. The police officers complied. While on the parking lot, plaintiff was upset and angry. She was crying and talking loudly.

Before leaving, the police officer asked plaintiff not to return to the store. Plaintiff, however, went back to the store with her family. There, she confronted the store manager, asking for an explanation of why she called the police. The store manager described plaintiff's behavior as "yelling" and "angry." Plaintiff described her behavior as "crying" and "upset." Because several customers were in the store, the manager asked her to go to the back room to discuss the matter. When the police officers re-entered the mall, they heard loud voices coming from the store. As they entered the store, they heard yelling and screaming coming from the back

room. They arrested plaintiff for disturbing the peace, although the store manager did not request that they do so. Plaintiff was handcuffed and taken to the police station. Although plaintiff claims that she was photographed and fingerprinted at the station, the police officer denied these activities. The police officer, however, gave her a summons to appear in court. When she later appeared in court, she was not on the docket and was not prosecuted for disturbing the peace.

Plaintiff brought the present action for damages for false imprisonment and malicious prosecution against Venator and the police officers, Lindy Robertson and Tom Favre. The trial court granted summary judgment in favor of defendants-police officers. The action against defendant-Venator was tried to a jury and only the false imprisonment claim was submitted to the jury. The jury rendered a verdict in favor of defendant-Venator on that claim. The trial court entered judgment in accordance with the verdict. Plaintiff appeals from the judgment entered by the trial court in favor of defendant-Venator and from the trial court's grant of summary judgment in favor of defendants-police officers.

## JUDGMENT IN FAVOR OF VENATOR

In Count I of her petition, plaintiff alleged that Venator and the store manager, acting on behalf of Venator, instigated her detention and search against her will by supplying information to the police officers which led to her false arrest. In Count II of her petition, she alleged that Venator and its employee maliciously prosecuted her by also instigating the summons being issued for peace disturbance. The trial court did not submit Count II to the jury and found in favor of Venator on Count I pursuant to a jury verdict.

■ On appeal in a jury-tried case, we review the evidence and reasonable inferences therefrom in a light most favorable to the jury's verdict, disregarding evidence to the contrary. *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 461 (Mo. banc 1998). We will reverse a judgment based on a jury verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion; where reasonable minds can differ on the question before the jury, we do not disturb the jury's verdict. *Id.*

■ In her first point, plaintiff contends that the trial court erred in not permitting her to testify about statements made by the police officers during their first encounter in the mall. Venator objected to any such testimony on the basis of hearsay and the trial court sustained the objection. At trial and on appeal, plaintiff contends that such testimony was not hearsay, because it was not offered to prove the truth of the matter asserted, but rather it was offered to explain plaintiff's reaction to this encounter and why she was so upset. The admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed unless there is a substantial or glaring injustice. *Fierstein v. DePaul Health Center*, 24 S.W.3d 220, 225 (Mo.App. E.D. 2000).

Assuming, without deciding, that the statements did not constitute hearsay, the exclusion of the testimony was at most harmless error. Plaintiff testified extensively about her encounter with the police and about how upset and angry she was when the police officers confronted her about the missing jogging suit. The police officers also testified as to how upset plaintiff was. Plaintiff's first point is denied.

In her second point, plaintiff charges error in the trial court's refusal to submit ten instructions pertaining to false imprisonment, malicious prosecution, and punitive damages for each of those claims.

■ In considering the propriety of a proffered instruction, we review the evidence in the light most favorable to the submission of the instruction, keeping in mind that a party is entitled to an instruction on any theory supported by the evidence. *Higby v. Wein*, 996 S.W.2d 95, 97 (Mo.App. E.D.1999).

■ The essence of the cause of action for false arrest, or false imprisonment, is a person's confinement of the plaintiff, without legal justification. *Thomas v. M--R--A--*, 713 S.W.2d 570, 574 (Mo.App.1986); *see also* M.A.I. 23.04 [1983 Revision]. A person may be liable for false arrest if he does not actually confine the plaintiff but merely instigates the confinement, as in the case of providing information on the basis of which a subsequent unlawful arrest is made. *Id.* A suit for false arrest or false imprisonment is the proper action where the aggrieved person is arrested without legal process. *Id.*

■ Here, plaintiff claims that there was substantial evidence that Venator instituted her false imprisonment for peace disturbance, because the initial call to the police set in motion a continuous series of events which culminated in her arrest. We disagree. Venator's store manager called the police only with regard to the possible theft of a jogging suit. The police officers completed their investigation of that allegation and found no evidence that plaintiff had taken the jogging suit. The police officers left plaintiff in the parking lot outside of the mall, but cautioned her not to return to the store. At that point, no arrest had been made relating to the call initiated by Venator. It was only when plaintiff, against the advice of the police officer, returned to the store to con-

front the store manager that the police officers, on their own, went back to the store. At that point, they arrested plaintiff for disturbing the peace. Venator's store manager neither called the police when plaintiff returned to the store nor requested that the police arrest plaintiff for disturbing the peace. There was no substantial evidence to support plaintiff's allegation that Venator initiated her arrest for disturbing the peace and the trial court did not abuse its discretion in refusing to submit an instruction on that claim.

■■■■ Plaintiff next alleges that the trial court erred in refusing to submit an instruction to the jury on the theory of malicious prosecution. The elements of a malicious prosecution claim are the commencement of an earlier suit or prosecution, at the instigation of the defendant, without probable cause and with malice, termination of the proceeding in the plaintiff's favor, and damage to the plaintiff. *Joseph H. Held & Associates, Inc. v. Wolff,* 39 S.W.3d 59, 62–63 (Mo.App. E.D.2001); *see also* M.A.I. 23.07 [2000 Revision]. As discussed above, Venator did not instigate any judicial proceeding or prosecution against plaintiff and did not participate in the prosecution in any way. Venator did not satisfy all of the elements of a cause of action for malicious prosecution. The trial court did not abuse its discretion in refusing to submit plaintiff's proffered instruction on malicious prosecution.

■■■ Finally, plaintiff contends that the trial court erred in refusing her proffered instructions on punitive damages for false arrest and for malicious prosecution. Absent a showing of prejudice, such an error is not reversible. *Jordan v. Abernathy,* 845 S.W.2d 86, 88 (Mo.App. E.D.1993). No prejudice arises if the jury never reached the issue claimed to be the source of prejudice. *Id.* Because the trial court did not submit plaintiff's proffered instruc-

tions to the jury, the jury never reached the issue of damages on the false imprisonment or malicious prosecution claims relating to her arrest for disturbing the peace. Plaintiff therefore was not prejudiced by the court's failure to instruct on punitive damages. Plaintiff's second point is denied.

■■■ In her third point, plaintiff challenges the trial court's submitting Instruction No. 7 to the jury. Instruction No. 7, patterned on M.A.I. 32.13 [1978 Revision], read as follows:

INSTRUCTION NO. 7

Your verdict must be for defendant if you believe:

First, defendant was engaged in mercantile trade, and

Second, defendant had reasonable cause to believe that plaintiff wrongfully had taken or was taking merchandise or money, and

Third, plaintiff's restraint was made in a reasonable manner and for a reasonable length of time for the purpose of investigation.

Plaintiff argues that an instruction patterned on M.A.I. 32.13 should not have been given because it only applied to cases where a merchant detained an alleged shoplifter, and not to cases where police officers restrained an alleged shoplifter at the instigation of the merchant.

If Instruction No. 7 was submitted to the jury improperly, we find that plaintiff was not prejudiced by its submission. Plaintiff's own evidence established that she was not restrained. The police did not restrain plaintiff against her will and she voluntarily consented to the search of her bags in the mall and to her vehicle in the parking lot. When the police officers stopped plaintiff in the mall, they explained that the store manager thought that she had taken a jogging suit. Plain-

tiff cooperated with the police officers because she wanted to prove to her children that she did not take the jogging suit. She consented despite her mother's verbalized opinion that the police officers needed a search warrant. She also voluntarily accompanied the police officer to her vehicle so that he could conduct a search of that vehicle. There was no evidence that the police officers told her she was not free to leave, that they drew their weapons, or that they physically restrained her.

■■■ If Instruction No. 7 was properly submitted to the jury, M.A.I. 32.13 was the applicable pattern instruction. M.A.I. 32.13 sets forth an affirmative defense of justification for arrest in a false imprisonment case for a shopkeeper as to a shoplifter. The defense expressed by the pattern instruction is provided for in section 537.125 RSMo (2000). In *Vaughn v. Sears Roebuck & Co.*, 643 S.W.2d 30, 33 (Mo. App.1982), this court permitted J.C. Penney Co. to submit to the jury, as the finder of fact, the affirmative defense under section 537.125. In *Vaughn,* the petition alleged that Penney issued a "Plaza alert" to other merchants to apprehend and detain plaintiff for Penney's security officer and that the police officer and part-time security guard apprehended her pursuant to Penney's request. *Id.* This court reasoned that false imprisonment and instigating a false imprisonment were not two separate torts, but rather they are two different methods of proving the same tort, false imprisonment. *Id.* The court concluded that the affirmative defense afforded by section 537.125 was based on reasonable grounds or probable cause to believe that a person had committed or was committing a wrongful taking of merchandise. *Id.* In the instant case, because the defense was available even if the merchant merely instigated the false imprisonment, the trial court did not abuse its discretion in sub-

mitting the affirmative defense to the jury. Plaintiff's third point is denied.

In her fourth point, plaintiff asserts that the trial court erred in submitting Instruction No. 6 to the jury:

### INSTRUCTION NO. 6

Your verdict must be for plaintiff if you believe:

Defendant intentionally instigated the restraint of plaintiff against her will, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 7.

She claims that under the affirmative defense based on section 537.125 and submitted in Instruction No. 7, Venator did not plead or prove that it was within the category of defendants shielded by this statute.

On the one hand, as discussed above, it is questionable whether the instruction should have been submitted, because plaintiff's own evidence was that she was not restrained by the police officers. On the other hand, if the instruction was properly submitted, Venator sufficiently established that it was within category of defendants shielded by the statute. In its answer to both counts, Venator did plead, by way of affirmative defense, that it was "not liable to plaintiff by virtue of ... Section 537.125." Also, as discussed above, there was sufficient evidence to submit that affirmative defense to the jury. Plaintiff's fourth point is denied.

### SUMMARY JUDGMENT IN FAVOR OF POLICE OFFICERS

In Count I of her petition, plaintiff alleged false arrest in that the police officers unlawfully detained her and searched her person and automobile. In Count II of her petition, she alleged that the police officer maliciously prosecuted her by issuing her a summons in lieu of arrest for

peace disturbance. The trial court granted the police officers' motion for summary judgment on both counts.

■■■ Summary judgment may be entered when a movant demonstrates, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Rule 74.04. Our standard of review is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.* The appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* The review of a grant of summary judgment is equivalent to reviewing a court-tried proceeding; if the judgment is sustainable under any theory, it must be sustained. *Id.*

In their motion for summary judgment on the false arrest and malicious prosecution claims, the police officers contended that plaintiff consented to the searches, that they had probable cause to arrest her for peace disturbance, and that they were entitled to official immunity for their actions. They further alleged that the material facts relating to the false arrest and malicious prosecution claims were undisputed. They supported their motion for summary judgment with portions of the depositions of plaintiff, of the two police officers, and of the store manager, as well as an affidavit of the police officer. The trial court granted the motion for summary judgment without specifying its reasons for so doing.

In her fifth point on appeal, plaintiff asserts that the trial court erred in sustaining the police officers' motion for summary judgment because there was conflicting testimony and material facts in dispute as to whether she was taken by the arm to the parking lot. Plaintiff argues that her false imprisonment claim was supported by the fact that she "believed she was not free to go" from the instant the police officers confronted her in the mall about the jogging suit.

■■■ False imprisonment occurs when the plaintiff is confined by the wrongdoer without legal justification. *Hyatt v. Trans World Airlines, Inc.,* 943 S.W.2d 292, 299 (Mo.App. E.D.1997). The constituent elements of false imprisonment are the detention or restraint of the plaintiff against his or her will and the unlawfulness of the detention or restraint. *Id.* Justification is a complete defense to the cause of action. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 767 (Mo. banc 1984). Whether there was a voluntary consent to a search is to be determined by the totality of the circumstances. *State v, Sanad,* 769 S.W.2d 436, 438 (Mo.App.1989). In addition, the determination of whether consent to a search was voluntary depends to many factors, including but not limited to the number of officers present, the degree to which they emphasized their authority, whether weapons were displayed, whether there was any fraud or misleading on the part of the officers, and the evidence as to what was said and done by the person consenting. *Id.* Knowledge of the right to refuse consent is not essential in showing consent. *Id.*

As discussed earlier in this opinion, the undisputed evidence was that plaintiff was not restrained against her will and that she voluntarily consented to the search of her bags in the mall and to her vehicle in the parking lot. Further, her argument that there was an issue of fact as to whether the police officer held her by her wrist or arm when they walked to her vehicle is without merit, because that did not constitute a "genuine issue of material fact" required to defeat the trial court's grant of summary judgment.

There were no genuine issues of material fact as to whether plaintiff was unlawfully detained and there was no false arrest as a matter of law. Plaintiff's fifth point is denied.

In her sixth point, plaintiff challenges the trial court's grant of summary judgment because there was a genuine issue of material fact regarding what the store manager reported to the police officers before they confronted plaintiff in the mall. She argues that if the police officers were merely investigating a report of a "missing jogging suit," there was no legal justification for stopping her for a reported "shoplifting."

Yet, there were no genuine issues of material fact regarding what the store manager told the police officers to justify stopping plaintiff in the mall for investigative purposes. Whether the store manager stated that the jogging suit was "missing" or "stolen" is irrelevant because the other undisputed evidence was that the store manager telephoned the police to report the loss of the jogging suit and gave them a description of plaintiff and her family. It is clear that the store manager, regardless of the precise words she used in talking to the police, thought that plaintiff was involved in the missing jogging suit. Plaintiff's sixth point is denied.

In her seventh and eighth points, plaintiff contends that the trial court erred in granting summary judgment, respectively, because the trial court couldn't take judicial notice of a municipal ordinance under which she was charged with peace disturbance and because the police officers' motion for summary judgment did not comply with Rule 74.04(c). We have reviewed these points on appeal and find that no error of law appears. A written opinion on these points would have no precedential value. These points are denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., Concur.