**Stanton M. GLADDEN, James Hogan, Frank Shortino and Richard Call, Appellants,**

v.

**KANSAS CITY, Missouri, a Municipal Corporation, Respondent.**

**No. 52186.**

Supreme Court of Missouri, Division No. 2.

Feb. 13, 1967.

Charles C. Shafer, Jr., Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, Carrol C. Kennett, Asst. City Counselor, Kansas City, for respondent.

STOCKARD, Commissioner.

In this class action the plaintiffs have appealed from a judgment of the Circuit Court of Jackson County dismissing their petition with prejudice. On behalf of approximately 850 members of the Fire Department of Kansas City, plaintiffs sought, by Count I of their petition, the sum of $809,113.38 as overtime compensation for time worked from October 8, 1956 to March 28, 1964, and by Count II of their petition they sought approximately $150,000 overtime compensation for time worked each month after March 28, 1964. Jurisdiction of this appeal is in this court.

After the defendant had filed its answer and plaintiffs had filed a reply, plaintiffs filed a motion for "summary judgment in their favor." On July 22, 1965, the following order was entered of record: "Now on this day plaintiffs' motion for summary judgment is by the court overruled." No other motion was filed by either party. However on April 21, 1966, and as far as is shown by the record with no notice to the parties, at least not to plaintiffs, the following was entered of record: "It appearing to the court from plaintiffs' motion for summary judgment that there are no issues of fact in this cause and that the same may be determined solely on questions of law, and it appearing from defendant's answer that there are no questions of fact and that defendant denies owing plaintiffs any money as claimed in their petition. Therefore, it is ordered, adjudged and decreed that plaintiffs' motion for summary judgment is by the court overruled, and plaintiffs' petition is dismissed with prejudice and that defendant have and recover its costs herein expended."

Whether July 22, 1965, or April 21, 1966, be considered the date on which the trial court overruled plaintiffs' motion for summary judgment, the result of the trial court's action was that on April 21, 1966, with no notice to plaintiffs and without any request or motion on the part of the defendant, the trial court on its own motion dismissed plaintiffs' petition with prejudice, which action constituted a ruling by the court on the merits of plaintiffs' claim. See Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387; Hannibal v. St. Louis Public Service Co., Mo. App., 200 S.W.2d 568. We are constrained to hold that this was error.

In Bindley v. Metropolitan Life Ins. Co., supra, this court said this: "Notice and a hearing, or an opportunity to be heard, have long been considered essential to due process, to a decision on the merits of a cause and to the deprivation of rights and property." Reference was made to various motions authorized by the then code of civil procedure which resulted a final adjudication of a cause, and it was held that "Such motions require notice and a hearing or an opportunity to be heard, where the party is not in default for failure to appear." In Hoppe v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846, judgment for defendant pursuant to a jury verdict was entered in plaintiff's action for personal injuries. Plaintiff's motion for new trial was filed out of time and was a nullity. Thereafter, but within thirty days after judgment, the

**230**

trial court of its own motion but with no notice to defendant granted plaintiff a new trial on the ground that the verdict was against the weight of the evidence. This court stated that the question for decision "concerns not the power of the court to order the vacation of a judgment," but that "[w]e are here concerned only with the *manner* of the exercise of such power." The court then held as follows: "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to matters instantly before the court which may affect his rights is the very foundation stone of our procedure." The order granting a new trial in the Hoppe case was set aside, and we are of the opinion and hold that the dismissal with prejudice of a petition without notice is subject to the same rule.

Defendant argues that the trial court had jurisdiction to enter the judgment of dismissal, and we agree, but as in the Hoppe case we disagree with the manner of the exercise of that jurisdiction. Defendant also contends that "under the established rules of statutory construction, appellants have neither stated nor proved a claim for recovery or relief." In the absence of a trial we agree there has been no proof. As to stating a claim, the decision by the trial court on that issue adverse to plaintiffs based on "established rules of statutory construction," if this was the basis for the trial court's ruling, resulted in a decision on the merits of plaintiffs' claim with no notice to them and with no right to be heard.

The judgment dismissing plaintiffs' petition with prejudice is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.