**Floyd C. WARMANN and Jeanette Rand Mitchell, Appellants,**

v.

**Morris K. EBELING, George P. Meier and David R. Mars, Respondents.**

**No. 44071.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 1, 1981.

Alan G. Kimbrell, St. Louis, for appellants.

Albert M. Schlueter, Lamar E. Ottsen, Jr., Clayton, for respondents.

CLEMENS, Senior Judge.

Plaintiffs Warmann and Mitchell sued defendants Ebeling, Meier and Mars. They alleged fraud in the sale of grain elevators. Defendants Meier and Mars moved for summary judgment and plaintiffs have appealed from the trial court's order granting that motion.

■ Preliminarily we note that the judgment appealed from is silent as to defendant Ebeling. Here, defendants Meier and Mars squarely challenge the judgment's appealability since it did not dispose of plaintiffs' claim against defendant Ebeling. In neither plaintiffs' brief nor their reply brief do they refer to the challenge of non-finality of the judgment from which they are attempting to appeal.

To be appealable a judgment must have disposed of "all issues and all parties". *Hill v. Boles*, 583 S.W.2d 141[4–6] (Mo.banc 1979). This is required to avoid "piecemeal presentation of cases on appeal". *Bolin v. Farmers Alliance Mutual Insurance Co.*, 549 S.W.2d 866[2, 3] (Mo.banc 1977). To the same effect see *MFA Mutual Insurance Co. v. Home Mutual Insurance Co.*, 600 S.W.2d 521[1] (Mo.App.1980), holding it is settled law that a judgment is final and appealable only when it disposes of all parties. Citing that case, it was held in *Haarmann v. Davis*,

620 S.W.2d 39 (Mo.App.1981), that a judgment is not appealable when it does not dispose of all parties.

It follows that plaintiffs are attempting to appeal from an unappealable judgment.

Appeal dismissed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.