**Florence WILLMAN and Ronald Willman, Plaintiffs-Appellants,**

v.

**Mark WALKER and City of Pacific, Mo., Defendants-Respondents.**

**No. 51933.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 4, 1987.

Wayne T. Schoeneberg, St. Charles, for plaintiffs-appellants.

Edward S. Meyer, St. Louis, for defendants-respondents.

KELLY, Judge.

Florence and Ronald Willman appeal from an order of the trial court sustaining respondent City of Pacific's separate motion for summary judgment without designation that the order be final for purposes of appeal under Rule 81.06.[1] The City has filed a motion to dismiss this appeal. We find the motion well-taken and dismiss the appeal.

On January 9, 1982, Ronald Willman was driving eastbound on Business Loop I–44 in Franklin County, Missouri, with his wife Florence seated in the passenger seat. Respondent Mark Walker, a police officer employed by the City of Pacific, was also driving on the same road in the eastbound lane next to and on the appellant's left side. Walker's vehicle collided with the Willmans' vehicle. Both Willmans sustained injuries in the accident.

Appellants subsequently filed a tort action against Walker and the City of Pacific. They premised their claim against the City on the theory of respondeat superior, stating that at all times, Walker was acting as an agent, servant and employee of the City. In Count I, it was alleged that the negligent operation of a motor vehicle by Walker resulted in personal injury to Florence Willman. In Count II, Ronald Willman sought damages for loss of his wife's companionship and consortium because of injuries she suffered. Count III, also brought by Ronald Willman, alleged that he had suffered personal injury as a result of Walker's negligent operation of a motor vehicle. All three counts were directed against both Walker and respondent City.

In response to their petition, the City filed a separate motion for summary judgment, asserting that sovereign immunity shielded it from any tort liability. The Willmans, in turn, filed a memorandum and an affidavit in opposition to the motion. On July 23, 1986, the trial court granted the City's motion and entered judgment against the Willmans.

On appeal, the Willmans contend the trial court erred in granting summary judgment

---

**1.** *Cf. Speck v. Union Electric Co.,* 731 S.W.2d 16 (Mo. banc 1987). (We understand *Speck* to mean absent such designation, Rule 81.06 does not make the order appealable).

because the City of Pacific waived the defense of sovereign immunity. They claim that sovereign immunity was waived because the facts pleaded fell within the motor vehicle exception to sovereign immunity contained in section 537.600.1(1) RSMo 1986 and because the City possessed an insurance policy in full force and effect at the time of the collision. Respondent City asserts that it has not waived the sovereign immunity defense because its insurance policy is no longer in full force and effect due to the liquidation of the insurance carrier subsequent to the filing of this cause of action. The City contends that the sovereign immunity defense insulates it from tort liability. In addition, the City has raised in a motion taken with the appeal that the summary judgment is not a final and appealable judgment because it does not dispose of the Willmans' claims against Walker. The City urges the appeal be dismissed.

Appellants reply that the summary judgment is a final and appealable judgment under Rule 81.06. They characterize the judgment as a judgment on an entirely separate and independent claim unrelated to any other in the case. Embodied in their argument is a reliance upon the third sentence of Rule 81.06.

Rule 81.06 defines a final judgment for purposes of appeal and provides:

When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, RSMo. When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. *However, when a separate trial is had before the court without a jury of an entirely separate and inde-pendent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined.*

Each of the three sentences of Rule 81.06 apply to distinct situations. The first sentence applies to jury tried claims and thus, is inapplicable to the present case. The second and third sentences apply to court tried claims. However, the second sentence requires a trial court designation of the judgment as final for purposes of appeal. We observe that the record before us contains no trial court designation of the summary judgment as final for purposes of appeal; therefore, we conclude that the second sentence of Rule 81.06 also does not apply to this case.

The third sentence of Rule 81.06 was recently examined by the Missouri Supreme Court in *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo. banc 1987). The court noted: "in deciding whether a judgment falls within the third sentence of Rule 81.06 and is therefore automatically deemed final and appealable unless designated otherwise ... courts have developed a 'dependency test'". *Id.* at 21, n. 3. The court cited *Luecke v. Mo. Dep't of Conservation*, 674 S.W.2d 691 (Mo.App.1984), upon which the appellants have solely relied, as a case developing the dependency test. We understand *Speck* to mean that the *Luecke* case, and the dependency test contained within it, provide a proper framework for determining whether a judgment falls within the third sentence of Rule 81.-06.

In *Luecke*, the plaintiffs brought a tort action against two private landowners, Mr. & Mrs. Darrah, and the Missouri Department of Conservation, alleging that their combined negligence resulted in the poisoning of the plaintiffs' lake. The trial court granted the Department of Conservation's

separate motion for summary judgment, finding the Department protected from tort liability under the doctrine of sovereign immunity. *Id.* at 692. On appeal, we upheld the summary judgment as a final and appealable judgment, specifically finding that the requirements of Rule 81.06 were met. *Id.* [2]. We found that a separate trial occurred when the trial court entered the summary judgment. *Id.*

■ Our determination in *Luecke* whether the summary judgment was entirely separate and independent from any remaining claim utilized the "test of dependency" originally developed in *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1 (Mo.App. 1975). That test declares that a claim is entirely separate and independent for purposes of appeal when the claims not disposed of are not dependent in any respect upon the outcome or final disposition of the judgment rendered. *Id.* at 3[1]; *see also Luecke*, 674 S.W.2d at 692[1].

In *Luecke*, we held under the facts presented that any relief the plaintiffs would have received from the Department of Conservation was separate and apart from any relief they would have received from the Darrahs. 674 S.W.2d at 692[2]. We concluded that recognizing the sovereign immunity defense had no effect upon the plaintiffs' claims against the Darrahs. *Id.*

At first blush, appellants' reliance on *Luecke* appears well-founded. However, critical differences in the facts of *Luecke* and this case render *Luecke* inapposite. The relationship alleged between Walker and the City is a master-servant relationship. This form of relationship was not present in *Luecke*.[2] We find that difference crucial to the outcome of this case.

■ The Willmans premised their action upon a respondeat superior theory.

Under the doctrine of respondeat superior, a direct relationship exists between the liability of the agent, servant or employee and the liability of the employer. *See Williams v. Venture Stores, Inc.*, 673 S.W.2d 480, 482[2] (Mo.App.1984). Here, the liability of Walker directly bears upon the liability of the City. If no liability is found against Walker, the City is insulated from liability regardless of the presence or waiver of sovereign immunity; however, if liability is found against Walker, the City may be held liable. *See Cacioppo v. Kansas City Pub. Serv. Co.*, 234 S.W.2d 799, 803[14] (Mo.App. 1950). This interdependent relationship prevents us from saying with any certainty that the summary judgment granted in favor of the City is an entirely separate and independent claim unrelated to any other claim left unresolved by the trial court.

■ In order for a judgment to be final and appealable, it must dispose of all parties and all issues in the case and leave nothing for future determination.[3] *Afshari Enterprises, Inc. v. Venz*, 689 S.W.2d 846, 847[1] (Mo.App.1985). This is required to avoid "piecemeal presentation of cases on appeal." *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889[3] (Mo. banc 1977).

The case of *Warmann v. Ebeling*, 625 S.W.2d 691 (Mo.App.1981) presented a similar situation. In *Warmann*, the plaintiff sued three defendants for fraud. The trial court granted summary judgment for two of the defendants; however, the record was silent concerning the third. We held that the parties were attempting to appeal from an unappealable judgment because the summary judgment rendered did not dispose of all parties and dismissed the appeal. *Id.* at 691–92[2].

As in *Warmann*, the Willmans are attempting to appeal from an unappealable

---

**2.** The opinion in *Luecke* does not expressly state the relationship between the Darrahs and the Department of Conservation. Our examination of the legal file in *Luecke*, under the aegis of *Lemmon v. Continental Casualty Co.*, 350 Mo. 1107, 169 S.W.2d 920, 924 (1943) and *State v. Taylor*, 664 S.W.2d 269, 272 n. 2 (Mo.App.1984) establishes that no master-servant relationship

was alleged to exist between the named defendants in *Luecke*.

**3.** *But cf. Speck*, 731 S.W.2d at 21–22. (an order may be designated final for purposes of appeal under Rule 81.06 even where all parties and issues in the case are not disposed of if the requirements of the second sentence of Rule 81.06 are met).

judgment. The trial court granted summary judgment only for the City of Pacific. The record reflects no disposition of the claims against Mark Walker. They apparently remain pending. Thus, claims arising out of the same transactions, occurrences or subject matter have not been disposed of nor has the order been designated final under Rule 81.06 to make it otherwise appealable.

Because the disposed of and undisposed of claims arise out of the same subject matter and have an interdependent relationship, piecemeal appellate decision-making is inappropriate. Further, the exceptions to the statutory right to appeal summarized in Rule 81.06 are not applicable to this case. We, therefore, conclude that the present appeal is premature. Appeal dismissed.

SATZ, P.J., and CRIST, J., concur.