**BI-STATE DEVELOPMENT AGENCY, Plaintiff-Respondent,**

v.

**PECKHAM, GUYTON, ALBERS & VIETS, INC., Defendant,**

and

**Bernard Johnson, Incorporated, Defendant-Appellant.**

No. 53709.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

Alan E. Popkin, Edward V. Crites, Michael W. Black, St. Louis, for defendant-appellant.

Amy R. Hinderer, Clyde C. Farris, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Bernard Johnson, Inc. (appellant), appeals the dismissal of one count of its three-count counterclaim against Bi-State Development Agency (respondent). We dismiss the appeal as untimely.

Respondent filed a four-count petition against appellant and Peckham, Guyton, Albers & Viets, Inc. (PGAV), both of whom provided architectural services to respondent on a project involving respondent's repair shop. Counts I and II related to structural steel work on the project. Count III sounds in breach of contract for indemnification of an arbitration award in favor of Hercules Construction Co. and against respondent. Count IV seeks indemnification for the arbitration award on a negligence theory.

Appellant filed a three-count counterclaim. The first count was for extra work and the second for recovery in quantum meruit. The third count of appellant's counterclaim asserts abuse of process in the bringing of Counts III and IV of respondent's petition. The basis of this claim is a letter, inadvertently produced in discovery, in which respondent's attorney advised against bringing those counts.

On February 22, 1988, after reviewing the record, this court notified both parties' attorneys to be prepared to argue whether the judgment was a final and appealable order. On March 3, 1988, appellant filed a supplemental legal file consisting of an order from the circuit court designating the August 20, 1987 dismissal of appellant's third count as final for purposes of appeal. That order was dated March 2, 1988.

■ Under New Supreme Court Rule 74.01 which became effective January 1, 1988:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in any action, ... the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims.... (Emphasis added.)

The order of March 2 just "designates [the August 20, 1987 order] ... as a final judgment for the purposes of appeal within the meaning of Section 512.020 RSMo," it does not make "an express determination that there is no just reason for delay." Under Rule 74.01 there is no appealable order. Likewise, the order of August 20, 1987, was not appealable when entered in 1987.

The test for determining appealability under Rule 81.06 that was in effect on August 20, 1987, was set out by our supreme court in *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo.banc 1987). Under the second sentence of Rule 81.06, if the dismissed claim arose out of the same transaction as a claim still pending it was only final if designated as such by the trial court. *Id.* at 20[1]. However, under the third sentence of Rule 81.06, if the dismissed claim was entirely separate and independent, it was a final order unless the trial court designates otherwise. *Id.* at 21 n. 3; *Willman v. Walker*, 734 S.W.2d 283, 285 (Mo.App.1987). The trial court had not designated the dismissal of the third count of appellant's counterclaim as a final appealable order; thus, unless it was separate and independent of the claims and counterclaims remaining before the court, it was not appealable under *Speck.*

 To determine if a claim fell under the third sentence of Rule 81.06, *Speck* used the dependency test enunciated in *Luecke v. Missouri Department of Conservation*, 674 S.W.2d 691 (Mo.App.1984). *Speck*, 731 S.W.2d at 21 n. 3; *Willman*, 734 S.W.2d at 285. A claim was considered entirely separate and independent for appeal purposes if the pending claims were not dependent in any respect upon the final disposition of the dismissed claim. *Willman*, 734 S.W.2d at 286[1]; *Luecke*, 674 S.W.2d at 692 [1]. Respondent's third and fourth counts are extensively intertwined with appellant's dismissed counterclaim. If the counterclaim is valid, there can be no recovery on those counts; and if respondent ultimately succeeds in Counts III and IV, there was no abuse of process.

The order of March 2, 1988, does not operate to make the August 20, 1987 order final and appealable under Rule 74.01(b). And, since the trial court did not initially designate the dismissal of the third count of appellant's counterclaim as a final appealable order, and that count is not entirely separate and independent of the six counts still pending before the trial court, the August 20, 1987 order was not appealable under *Speck.* Thus, we do not have jurisdiction to decide the merits of this appeal at this time.

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.