Valerie COLLET, Appellant,

v.

Donald COLLET, Respondent.

No. 54596.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1988.

Alice C. Kramer, Hillsboro, for appellant.

Donald Collet, St. Louis, pro se.

CRIST, Judge.

Appellant (mother) appeals the denial without notice or hearing of her motion to modify the support and custody provisions of a dissolution decree. We reverse and remand.

Mother and father were divorced on September 15, 1986. The decree granted primary custody of the parties two minor children, aged five and eleven, to mother. Father had temporary custody and was ordered to pay support of $30 per week per child.

On June 22, 1987, mother filed her motion to modify the support and custody provisions of the divorce decree. She alleged there had been a substantial continuous change in circumstances requiring modification of the decree specifically:

a. That the children's emotional health is fragile and that they are undergoing counseling and that visitation or temporary custody with their father at the present time would not be in the children's best interest.

b. That the [father] has fallen upon ill times and is unable to contribute the $30 a week needed for the support of the children.

c. That [mother] has been supporting the children since the date of the Decree with little or no help whatsoever from [father].

d. That [father] recognizes his visitation or temporary custody with the children does not contribute to their well being due to their frail emotional health.

e. That because [mother] has supported the minor children the court may enter a satisfaction of judgment as of the date of its Order of modification on behalf of [father].

On the same date, respondent (father), without an attorney, filed his consent to modify the divorce decree so that he would no longer have visitation and temporary custody nor an obligation to pay support.

On January 28, 1988, without notice to the parties or their presence in court, the trial court *sua sponte* overruled the motion to modify. The court stated no basis for its ruling.

Mother contends the trial court erred in ruling on her motion to modify without prior notice to her and father. The court's ruling on the merits of the motion without notice to the parties and an opportunity for them to be heard was a violation of due process and requires reversal. *Gladden v. Kansas City*, 411 S.W.2d 228, 229 (Mo. 1967).

An order purporting to rule on a motion to modify custody without a hearing at which evidence is adduced is in excess of the court's jurisdiction. *In Re Lipschitz,* 466 S.W.2d 183, 185[4] (Mo.App.1971). Mother has made, and father has agreed to, allegations of changed circumstances relating to the children's mental health, the father's lack of ability to provide support, and to circumstances necessitating termination of his visitation rights. It would be in the children's best interests for the court to hear evidence prior to a ruling on matters affecting their health and welfare.

REVERSED AND REMANDED.

CRANDALL, P.J., and REINHARD, J., concur.