**AROUND THE WORLD IMPORTING, INC., et al., Plaintiffs–Appellants,**

v.

**MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION and Susan T. McSwain, Defendants–Respondents.**

**No. 55129.**

Missouri Court of Appeals, Eastern District, Division Three.

June 6, 1989.

Arthur G. Muegler, Jr., St. Louis, for plaintiffs-appellants.

David Wells, Michael J. Morris, John J. Carey, Thompson & Mitchell, St. Louis, for defendants-respondents.

HAMILTON, Judge.

Plaintiffs, Marvin Westhoelter, Betty Westhoelter, James Gerhardt, and Bonnie Gerhardt, both as statutory trustees for Around the World Importing, Inc., (hereinafter ATWI) and in their individual capacities, brought this action for negligence and fraudulent misrepresentation on behalf of ATWI and on behalf of themselves individually against Mercantile Trust Company (hereinafter Mercantile) and Susan T. McSwain. Plaintiffs appeal the jury's verdict and the trial court's rulings with respect to a motion in limine, certain requested jury instructions, and certain deposition testimony. We dismiss this appeal.

Plaintiffs filed this action in May, 1984. In August, 1985, they filed a six-count amended petition that alleged damage to ATWI and to the individual plaintiffs caused by Mercantile's negligent failure to recommend an appropriate financing plan pursuant to a contract allegedly entered for that purpose between ATWI and Mercantile (Counts I, III, and V); and by Mercantile's fraudulent misrepresentation with

respect to a loan obtained by ATWI and personally guaranteed by the individual plaintiffs (Counts II, IV, and VI).

Prior to the commencement of trial on May 16, 1988, defendants filed a motion in limine requesting the trial court to exclude evidence of various elements of damage allegedly incurred by the plaintiffs. The trial court sustained defendants' motion with respect to the exclusion of evidence of damages to ATWI's reputation and damage sustained by the individual plaintiffs.

At the close of plaintiffs' case, defendants filed a motion for directed verdict with respect to each of the six counts alleged in the amended petition. The trial court overruled the motion in its entirety. At the close of all evidence, defendants renewed their motion for directed verdict, but the trial court again overruled it.

Thereafter, the trial court instructed the jury with respect to Count II only. At no time prior to instructing the jury did the trial court order dismissal of or direct a verdict with respect to Counts I, III, IV, V, or VI. The jury returned a verdict in favor of defendants on Count II. Plaintiffs subsequently filed a motion for new trial which the trial court denied.

On July 1, 1988, the trial court issued an order purporting to explain the intent and effect of its ruling with respect to the defendants' Motion in Limine. The signed order provided as follows:

> The Court, in sustaining defendants Motion in Limine Part IV prior to trial and in sustaining defendants objections (and overruling plaintiffs offer of proof) at trial as to James Gerhardt's and Marvin Westhoelter's alleged individual damages, intended and did construe said Motion In Limine and objections as being a Motion to Dismiss Counts III, IV, V, and VI of the First Amended Petition. The Court's rulings were premised on the

Court's finding that Counts III, IV, V, and VI failed to state a cause of action against either defendant Mercantile Trust Company N.A. or defendant Susan McSwain upon which relief might be granted to individual plaintiffs Marvin Westhoelter and/or James Gerhardt as a matter of law. The Court's said rulings were intended to be, and were in substance, a sustaining of a Motion to Dismiss Counts III, IV, V, and VI of the First Amended Petition at trial before and during plaintiffs case-in-chief.

■ When the trial court issued the above-quoted order, none of the parties had filed a motion to dismiss any of the counts referenced in the order. Although a trial court does have the power to raise *sua sponte* the issue of the sufficiency of a petition, *Molosky v. Brown*, 720 S.W.2d 412, 415 (Mo.App.1986), we do not believe an *ex post facto* order can operate to convert a ruling on a motion in limine to a ruling on a motion to dismiss four counts of a petition.

■ When a court dismisses a petition on its own motion, it must provide notice to the parties and an opportunity to be heard. *Gladden v. Kansas City*, 411 S.W.2d 228, 229 (Mo.1967). The record before us fails to reflect that the trial court provided the parties with notice or an opportunity to be heard.[1] As the Supreme Court stated in *Gladden*, "[r]easonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to lawful exercise of the court's power." 411 S.W.2d at 230. Accordingly, the trial court's order of July 1, 1988, fails effectively to dispose of Counts III, IV, V, and VI of the First Amended Petition.[2]

■ No appeal lies absent a final judgment. *Robinson v. May Dept. Stores Co.*, 723 S.W.2d 603, 605 (Mo.App.1987).

---

1. According to the briefs and arguments of the parties, the order of July 1, 1988 was apparently obtained at the request of plaintiffs' counsel. This fact fails to change our view concerning the effectiveness of the July 1, 1988 order. The requirement of notice and an opportunity to be heard is no mere formality but is "the very foundation stone of our procedure." *Gladden*, 411 S.W.2d at 230 (quoting *Hoppe v. St. Louis*

*Public Service Co.*, 235 S.W.2d 347, 350 (Mo. banc 1951)).

2. We note, moreover, that the order of July 1, 1988, fails even to purport to dispose of the claims of plaintiffs Betty Westhoelter and Bonnie Gerhardt.

Where, as here, none of the parties has questioned the finality of the judgment, this court must raise the issue *sua sponte.* *Steinmetz v. Missouri Highway and Transp. Comm'n.*, 645 S.W.2d 36, 38 (Mo. App.1982). Because finality of judgments is a jurisdictional prerequisite, we must dismiss an appeal from a judgment that is not final. *Citizens Elec. Corp. v. Campbell,* 696 S.W.2d 844, 845 (Mo.App.1985).

 For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Willman v. Walker,* 734 S.W.2d 283, 286 (Mo.App. 1987). The judgment in this case reflects the disposition of Count II only. Counts III, IV, V, and VI remain pending. In addition, with respect to Count I, the trial court neither submitted it to the jury, nor ruled upon it by way of a motion to dismiss, nor granted a directed verdict on it. Therefore, Count I also remains pending. Given that five of the six counts of the First Amended Petition are currently pending, the judgment lacks finality, and this appeal must be dismissed. Appeal Dismissed.

DOWD, P.J., and SIMON, J., concur.