Wanda Lee **COOPER** and Donald G. Cooper, Plaintiffs–Appellants,

v.

**CONTINENTAL FIDELITY SURETY CO., INC., et al., Defendants–Respondents.**

No. 62430.

Missouri Court of Appeals, Eastern District, Southern Division.

April 6, 1993.

Mary J. Lake, Hillsboro, for plaintiffs-appellants.

Kenneth A. Seufert, Farmington, for defendants-respondents.

CRAHAN, Judge.

Plaintiffs Wanda and Donald Cooper ("Plaintiffs") appeal an order assessing damages in favor of Defendant Continental Fidelity Surety Company ("CFSC")[1] for Plaintiffs' failure to comply with the procedural requirements for bond ordered by the court as a condition of issuing a temporary restraining order against CFSC. We dismiss the appeal as premature.

Pursuant to a deed of trust executed by Plaintiffs, CFSC published a notice of trustee's sale scheduling foreclosure for November 26, 1991. On November 14, 1991, Plaintiffs filed a "Petition for Temporary Restraining Order to Stop Foreclosure Sale and Injunctive Relief and Accounting." The petition alleged that the note secured by the deed of trust was not in default and asserted various other defenses. After a hearing, the trial court granted a temporary restraining order prohibiting CFSC from proceeding with the foreclosure sale, contingent upon Plaintiffs posting a $60,000 bond. On November 25, 1991, Plaintiffs filed a corporate surety bond in the required amount which was approved by the court.

On December 11, 1991, CFSC filed a motion to dissolve the temporary restraining order alleging that the corporate surety for the bond posted by Plaintiffs was not authorized to issue surety bonds in the State of Missouri and was inadequately capitalized. On January 9, 1992, the trial court held a hearing at which it found the bond inadequate and directed that Plaintiffs file additional bond within 48 hours or the temporary restraining order would be dissolved. Plaintiffs filed no additional bond and the temporary restraining order was dissolved by order of the trial court on January 13, 1992.

Thereafter, CFSC moved for "Assessment of Damages Pursuant to Rule 92 and Pursuant to the Bond Executed by Appellants–Plaintiffs." After a hearing, the trial court entered an order on March 19, 1992 assessing damages in favor of CFSC in the amount of $4,968.58. Plaintiffs then applied for a writ of prohibition which this Court denied on April 24, 1992. The parties continued to pursue discovery on the merits of the underlying claims during April and May. Plaintiffs also moved for an order staying the trial court's order and judgment assessing damages for the inadequate bond, which was overruled on May 26, 1992. Two days later, Plaintiffs filed their notice of appeal.

CFSC again published notice of a nonjudicial foreclosure sale. Plaintiffs immediately applied for a second temporary restraining order, this time on the grounds that the validity of the note and deed of trust were the subject of the pending litiga-

1. For convenience, all references to CFSC include CFSC's co-defendants, whose identities are not pertinent to any issue resolved in this appeal.

tion. On May 28, 1992, the trial court issued a second temporary restraining order enjoining the threatened foreclosure, contingent upon Plaintiffs' posting bond in the amount of $65,000, $5,000 of which was to be in cash and the balance either in cash or secured by a surety approved by the court. After an unsuccessful petition for a writ of mandamus seeking to force the trial court to reduce bond to a nominal amount, Plaintiffs filed the required bond and the restraining order went into effect on June 1, 1992. This second restraining order apparently remains in effect and preparations for trial on the merits of Plaintiffs' claims and CFSC's counterclaims are continuing.

On June 4, 1992, CFSC moved to dismiss Plaintiffs' appeal as untimely filed. That motion was granted and the appeal was dismissed without prejudice to the filing of a motion for leave to file a late notice of appeal pursuant to Rule 81.07.[2] On July 28, 1992, Plaintiffs filed such motion, which was granted by this Court on August 6, 1992. Thereafter, Plaintiffs timely filed a new notice of appeal as permitted by this Court's order.

From the foregoing chronology, it is abundantly clear that the trial court's order assessing damages in favor of CFSC as a result of its dissolution of the first temporary restraining order does not dispose of all parties and all issues in the case. There has been no determination of Plaintiffs' claims for declaratory and final injunctive relief, damages, or for an accounting. Likewise, the trial court has not considered the merits of CFSC's counterclaim seeking damages and judicial foreclosure on the Plaintiffs' property.

■ For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. Rule 74.01(b); *Around the World Imp. v. Mercantile Tr.,*

771 S.W.2d 919 (Mo.App.1989). The existence of a final judgment is a jurisdictional prerequisite which must be examined by this Court *sua sponte* if necessary. *Id.* Where the record demonstrates that the trial court's judgment is not final, we have no choice but to dismiss the appeal as premature. *Id.*[3]

■ In its brief and at argument, CFSC disputed the suggestion that the order assessing damages in its favor is not appealable, citing *Sullivan v. Winer,* 307 S.W.2d 704, 707–08 (Mo.App.1957); *J. & P. Trust v. Continental Plants Corp.,* 541 S.W.2d 22, 26 (Mo.App.1976); and *Eickelmann v. Eickelmann,* 724 S.W.2d 261 (Mo.App. 1986), for the propositions that (1) a proceeding for assessment of damages on an injunction bond is an independent action which accrues immediately upon dissolution of the injunction; and (2) a judgment thereon is appealable even if all of the underlying issues in the suit have not been finally adjudicated. We need not consider the validity or applicability of the first proposition to the instant case because, to the extent that the cited cases support the second proposition, they can no longer be followed because they predate and squarely conflict with amended Rule 74.01(b) which became effective on January 1, 1988. Indeed, the purpose of the 1988 amendments to Rule 74.01(b) was to eliminate the proliferation of "piecemeal" appeals by substituting a "bright line" test of finality of judgments for the case by case approach reflected in the cases relied upon by CFSC.

The wisdom of awaiting disposition of all issues and parties as required by Rule 74.-01(b) is well illustrated by the facts recited herein. It would be difficult, at best, for this Court to evaluate the merits of the trial court's order assessing damages for restraining CFSC from proceeding with foreclosure where there has been, as yet,

---

2. An order granting leave to file a late notice of appeal pursuant to Rule 81.07 is not a determination that the order appealed from is a final appealable order.

3. There is, of course, an exception to this rule where the trial court disposes of fewer than all of the claims or parties but expressly determines that there is no just reason for delay. Rule 74.01(b). That did not occur here. Thus, we need not determine in this case whether it is within a trial court's discretion to render and certify as final an order assessing damages on an injunction bond prior to adjudicating the merits of the Plaintiff's claims.

no determination on the merits of CFSC's right to foreclose in the first place. Our sense is that the better practice would be for the trial court to defer the assessment of damages until adjudication of the merits of the underlying claim. In any event, the judgment entered in favor of CFSC is purely interlocutory and, as expressly provided in Rule 74.01(b), "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In light of our disposition, we do not reach or decide the issue of Plaintiffs' liability for damages. We do, however, deny CFSC's Rule 84.19 motion for damages for frivolous appeal. Both parties argued that the order was appealable.

Appeal dismissed.

CARL R. GAERTNER, P.J., and GRIMM, J., concur.