**Raymond Earl STIPP and Margie Nadine Stipp, Plaintiffs–Appellants,**

v.

**Larry MEADOWS d/b/a Meadows Tri–State Auto Salvage, Larry Meadows d/b/a Larry Meadows Tri–State Truck Salvage, Larry Meadows, Individually, and Nathan Meadows, Individually, Defendants–Respondents.**

No. 22281.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 14, 1998.

Steven L. Groves, Robert S. Bogard, Schlichter, Bogard & Denton, St. Louis, for Appellants.

William J. Lasley, Flanigan, Lasley & Mouton, Carthage, for Respondents.

PARRISH, Judge.

Raymond Stipp and Margie Nadine Stipp (plaintiffs) attempt to appeal an adverse judgment in a case in which Mr. Stipp sought damages for personal injuries sustained in an automobile accident that occurred on private property, and Mrs. Stipp sought damages for loss of consortium. The judgment sought to be appealed does not address or dispose of all parties and all issues in the case so as to leave nothing for further determination. The appeal is dismissed.

Plaintiffs' petition consists of eight counts:

|  | Claimant | Named Defendant |
|---|---|---|
| Count I | Raymond Earl Stipp | Larry Meadows, d/b/a Meadows Tri–State Auto Salvage |
| Count II | Raymond Earl Stipp | Larry Meadows, d/b/a Meadows Tri–State Truck Salvage |
| Count III | Raymond Earl Stipp | Larry Meadows, Individually |
| Count IV | Raymond Earl Stipp | Nathan Meadows |
| Count V | Margie Nadine Stipp | Larry Meadows, d/b/a Meadows Tri–State Auto Salvage |
| Count VI | Margie Nadine Stipp | Larry Meadows, d/b/a Meadows Tri–State Truck Salvage |
| Count VII | Margie Nadine Stipp | Larry Meadows, Individually |
| Count VIII | Margie Nadine Stipp | Nathan Meadows |

The copy of the verdict that is part of the legal file states (omitting its directions for completion):

> On the claim of plaintiff RAYMOND EARL STIPP for personal injuries against defendant, MEADOWS TRI–STATE AUTO SALVAGE, we, the undersigned jurors, find in favor of:

*Defendant Meadows Tri–State Auto Salvage* [1]

. . .

The verdict is signed by ten jurors.

The purported judgment the trial court entered states:

IN THE CIRCUIT COURT OF THE TWENTY–NINTH JUDICIAL CIRCUIT
JASPER COUNTY, MISSOURI

| | | |
|---|---|---|
| RAYMOND EARL STIPP, AND MARGIE NADINE STIPP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Cause No. CV196–1479CC |
| LARRY MEADOWS, d/b/a MEADOWS TRI–STATE AUTO SALVAGE, LARRY MEADOWS, d/b/a MEADOWS TRI–STATE TRUCK SALVAGE, LARRY MEADOWS, Individually, and NATHAN MEADOWS, Individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### JUDGMENT

Now, on the 20th day of February, 1997, come the parties by their attorneys, and thereupon come a jury, of twelve good and lawful men and women of the body of the county, who being chosen, tried and sworn upon their oaths do say that they find the issues for the Defendants *on the claim of Plaintiff Raymond Earl Stipp for personal injuries against Defendant Meadows Tri–State Auto Salvage,* without day [sic] and recover of the Plaintiff his costs and charges in this behalf expended, and have thereof execution. A copy of the verdict is attached hereto and incorporated herein by reference. [Emphasis added.]

/s/ Jon Dermott

SO ORDERED:                    JUDGE

DATED: March 12 , 1998

cc: All Attorneys of Record

---

■ The caption on plaintiffs' notice of appeal lists defendants' names the same as they appear in the caption of the "judgment". The only finding included in the "judgment", however, is "on the claim of Plaintiff Raymond Earl Stipp for personal injuries against Defendant Meadows Tri–State Auto Salvage." Counts I and V are the only counts in plaintiffs' petition that assert a claim against "Meadows Tri–State Auto Salvage."[2]

There being no "artificial or quasi artificial person[s]" named as defendants, *see* n.2, *su-*

---

1. The italicized words are handwritten on the verdict form.

2. No explanation was found in the record on appeal or given in oral argument concerning why plaintiffs designated separate counts against "Larry Meadows, Individually" (Counts III and VII), "Larry Meadows, d/b/a Meadows Tri–State Auto Salvage" (Counts I and V) and "Larry

pra, plaintiffs' Counts II, III, VI and VII appear to be restatements of the same causes of action that are stated in Counts I and V, i.e., they are multiplicious statements of the same claims against Larry Meadows pleaded in Counts I and V. A verdict adverse to plaintiffs' claims in Counts I and V also determines Counts II, III, VI and VII. Nowhere, however, is there a determination of the claims asserted in Counts IV and VIII against Nathan Meadows although he is named as a defendant throughout the record before this court.[3]

■ This court is required to examine a record on appeal to ascertain, *sua sponte*, whether jurisdictional prerequisites are met. *Around the World Importing, Inc. v. Mercantile Trust Co. Nat'l Ass'n*, 771 S.W.2d 919, 922 (Mo.App.1989). In addition to revealing no disposition of plaintiffs' claims against Nathan Meadows, this court's examination disclosed other causes for concern with respect to the document denominated "judgment." The document reports findings of the jury but makes no adjudication. It recites appearances of "the parties" without further identification[4] and states that a jury found the issues for defendants "on the claim ... against Defendant Tri–State Auto Salvage." It states that a copy of the verdict is attached.

■ A judgment should recite the appearances of the respective parties, identifying them by name or in some manner that per-

mits their participation in the trial to be noted; their announcements of readiness for trial; and other relevant parts of the trial's administrative proceedings, as well as recitals of the findings of the court or jury to the extent they are germane to the final determination of the case. The recitals should be followed by "the mandatory or decretal portion" of the judgment that "adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy." *Donelson v. Board of Zoning Adjustment of City of St. Joseph*, 368 S.W.2d 728, 731 (Mo.App.1963).

■ The force of a judgment is in its decretal pronouncements. *Id.* These pronouncements are customarily the last paragraph or last few paragraphs of the judgment with a first sentence that begins with identifying words such as, "The Court ORDERS, ADJUDGES and DECREES," or, "It is, thereby, ORDERED, ADJUDGED and DECREED."

■ A judgment must do more than recite "findings." It must resolve the claims that were before the trial court in a manner that permits appellate review. The "judgment" in this case woefully failed to do so.

■ "For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination."[5] *Cooper v. Continen-*

Meadows, d/b/a Meadows Tri–State Truck Salvage" (Counts II and VI). "A civil action can be maintained only against a legal person; i.e., a natural person or an artificial or *quasi artificial* person." *Metropolitan Street Ry. Co. v. Adams Express Co.*, 145 Mo.App. 371, 130 S.W. 101, 103 (1910). The record reflects no assertion that any of the entities attempted to be characterized were corporations or other "artificial or quasi artificial person[s]."

3. During the instruction conference, plaintiffs' attorney alluded to "not submitting against Nathan." He indicated there had been a dismissal without prejudice against defendant Nathan Meadows in an earlier case and expressed concern that if that defendant were dismissed from this action, the dismissal would be with prejudice. Plaintiffs' attorney further alluded to an agreement to "treat it as if it was submitted against all." The record, however, discloses no assent by defendants to that or any other agreement.

4. In attempting to ascertain if all parties participated in the trial, this court notes that the trial transcript did not reflect that the case was called before proceeding with voir dire in a manner that would have afforded each party the opportunity to announce his or her presence and readiness for trial.

5. Although the judgment does not recite a disposition of Margie Nadine Stipp's claim for loss of consortium, the adverse determination of her husband's personal injury claim also determined her claim in that the loss of consortium claim is derivative from the personal injury claim. If the husband had no valid claim for personal injuries, the wife was likewise without a right to recover damages flowing therefrom. *Rieke v. Brodof*, 501 S.W.2d 66, 67 n. 2 (Mo.App.1973). *See also Ward v. American Family Ins. Co.*, 783 S.W.2d 921, 923 (Mo.App.1989); *Jensen v. Walker*, 496 S.W.2d 317, 321 (Mo.App.1973). It would, nevertheless, be appropriate for the judgment to

*tal Fidelity Sur. Co., Inc.,* 851 S.W.2d 65, 67 (Mo.App.1993). Existence of a final judgment is a jurisdictional prerequisite. *Id.* If the record does not reveal the judgment to be final the appeal must be dismissed as premature. *Id.* The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.

recite the disposition of the loss of consortium claim.