termination of parental rights of mother for each of the two children. This is sufficient to affirm the judgment. *In Interest of E.B.S.*, 876 S.W.2d 8, 10 (Mo.App.S.D. 1994). We find no error of law. An extended opinion would have no precedential value. The judgments are affirmed in accordance with Rule 84.16(b).

**In the Interest of B.D.C. and T.A.C., minors.**

**M.A.C., appellant,**

v.

**J.E.R. and P.D.R., Respondent.**

No. 74198.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 5, 1999.

Marie Kenyon, Jane Aiken, Daniel Brownstone, St. Louis, for appellant.

Rita M. Montgomery, St. Louis, for respondent.

Before ROBERT G. DOWD, Jr., C.J., and KAROHL, J., and CRIST, Senior Judge.

### ORDER

PER CURIAM.

Mother of B.D.C., age 3, and T.A.C., age 2, appeals termination of her parental rights pursuant to Section 211.447.2 RSMo Cum. Supp. 1996. The natural fathers did not appeal the judgments terminating their rights.

We have reviewed the briefs of the parties and the entire record. We conclude there is clear, cogent, and convincing evidence to support finding at least one statutory ground for

**Anna M. WATSON, Plaintiff–Respondent,**

v.

**Jeffrey L. MOORE and Earl Cole, Defendants–Appellants.**

No. 22179.

Missouri Court of Appeals, Southern District, Division One.

Jan. 8, 1999.

Jacob Y. Garrett, Garrett & Silvey, West Plains, for appellants.

John N. Wiles, West Plains, for respondent.

JOHN E. PARRISH, Judge

Anna M. Watson (plaintiff) brought a four-count action against Jeffrey L. Moore and Earl Cole (defendants) for injunctive relief, ejectment, quiet title and trespass with respect to certain real estate in Howell County, Missouri. Defendants filed four counter-claims seeking the same remedies. Prior to commencement of trial, plaintiff dismissed "all claims against [defendant] Earl Cole."

■ The case was tried without a jury. The trial court filed a document denominated as judgment, findings of fact and conclusions of law. It adjudicated plaintiff as owner in fee simple absolute of real estate described in the document, ordered "defendant" to remove all fences he had constructed and replace "the fence in its original location and condition" and declared "that the defendant and his agents are permanently enjoined from further trespass upon the real estate owned by plaintiff."

There is no reference to plaintiff's claim for money damages for trespass, Count IV of her petition, nor to her claim for damages that is part of her Count II, the action for ejectment. There is, likewise, no specific reference to any of defendants' counter-claims, albeit that the findings with respect to plaintiff's actions are inconsistent with finding in favor of defendants' on those claims.

There is no final judgment before this court in that the trial court did not dispose of all issues in the case. *Stipp v. Meadows,* 978 S.W.2d 51, 54 (Mo.App.1998); *see* Rule 74.01(b).

■ Neither party complains that the purported judgment is incomplete. However, this court is required to examine a record on appeal to ascertain, *sua sponte,* if jurisdictional prerequisites have been met. *Around the World Importing, Inc. v. Mercantile Trust Co. Nat'l Ass'n,* 771 S.W.2d 919, 922 (Mo.App.1989). Existence of a final judgment is a jurisdictional prerequisite. *Stipp v. Meadows, supra,* at 55. As the record does not reveal a disposition of plaintiff's trespass action or dispose of the money claim that is part of her ejectment action, there is no final judgment. The appeal must be dismissed.

This court is prone to make the following suggestion to the trial court. In formulating a judgment in a multi-count case, it is helpful to identify the specific counts presented by the pleadings and enunciate particular findings with respect to each count. It is likewise helpful if a judgment's decretal pronouncements identify with particularity the claim adjudicated by each pronouncement. Judgments fashioned in this manner assist in ascertaining whether all claims of all parties have been determined.

This court's review of the record filed in this case also prompts a reminder to appellate counsel that contents of the legal file component of a record on appeal are to be assembled in chronological order. *See* Rule 81.12(a). Chronological order requires the earliest filed document to be at the front of the legal file and the other documents to follow in the order they were filed. The legal file in this appeal was unwieldy in that its documents were in reverse chronological order.

This court has no appellate jurisdiction in that there was no final judgment disposing of all parties and all issues. The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.