Steve A. **KUNDA**, Plaintiff–Respondent,

v.

Jimmie G. **ROARK**, Defendant–Appellant,

M. **Verlee Roark, County of Barry, and David Cole, Prosecuting Attorney for Barry County**, Defendants.

No. 22589.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 3, 1999.

---

L. Thomas Elliston, Elliston Law Offices, Webb City, for Plaintiff–Respondent.

David L. Cupps, Ellis, Ellis and Cupps, Cassville, Emory Melton, Melton & Herrin, Cassville, for Defendant–Appellant.

KERRY L. MONTGOMERY, Presiding Judge.

Defendant Jimmie G. Roark appeals from a judgment declaring that a road through his property is a public road. The record reveals that this judgment does not dispose of all the parties and issues and does not contain the Rule 74.01(b) exception. Therefore, the appeal must be dismissed for lack of a final judgment.

Plaintiff Steve A. Kunda sued Defendants Jimmie G. Roark, M. Verlee Roark, Barry County, Missouri, and David Cole, Prosecuting Attorney for Barry County, in a three-count petition. Count I, against Defendants Roark, requested a declaratory judgment finding that the road in question was a public road. Count II requested a writ of mandamus against Barry County and Prosecuting Attorney Cole directing that Barry County (1) acknowledge the road in question is a public road and (2) join with Plaintiff in preventing Defendants Roark from obstructing or hindering public use of the road and directing Prosecuting Attorney Cole to "properly advise Defendant Barry County on the law" or to disqualify himself if a conflict of interest exists. Count III, in the alternative to Count I, sought the establishment of a private road only if the court found no public road under Count I.

After a bench trial, a judgment was entered on August 26, 1998, declaring that the disputed road was a public road. The judgment does not mention the issue or parties involved in Count II nor does it contain the Rule 74.01(b) express determi-

nation that there is no just reason for delay in entering judgment as to fewer than all the parties and claims.

Without citation to the record, Defendant proclaims in his statement of facts that the trial court dismissed Count II prior to trial.[1] The record fails to support this assertion.

A docket entry of January 26, 1998, shows that the trial court took up the motion to dismiss Count II filed by Defendants Barry County and Prosecuting Attorney Cole and that the motion was taken under advisement. No other docket entry refers to a ruling on this motion.

On the day of trial, the following exchange occurred:

THE COURT: This is Kunda versus Roark et al. I show this was set for trial before the Court this morning. It's my understanding that this was in several counts, and actually we're trying, what is it, Counts I and II before the Court? Or am I wrong?

[PLAINTIFF'S COUNSEL]: Just Count I, Judge.

THE COURT: Count I before the Court. And depending what happens on that, we may go to the jury for second parts.

■ Although not raised by the parties, an appellate court is obligated to notice, *sua sponte,* matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). "A pre-requisite to appellate review is that there be a final judgment." *Id.*; § 512.020, RSMo 1994. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454–55.

■ "For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination." *Cooper v. Continental Fidelity Surety Co.,* 851 S.W.2d 65, 67 (Mo.App.1993). As an exception to this general rule, Rule 74.01(b) permits an appeal from a judgment that disposes of less than all the parties and issues if the trial court makes "an express determination that there is no just reason for delay."

Here, on the record presented, the trial court did not adjudicate the claim presented in Count II and made no determination that there was no just reason for delay. Consequently, the judgment is not final and appealable. As a result, this Court has no jurisdiction.

Appeal dismissed.

PREWITT, J., and BARNEY, J., concur.

---

1. Rule 84.04(i) requires that all statements of fact "shall have specific page references to the legal file or the transcript." After searching the record, we understand why Defendant violated this rule.