**Lonnie M. TILLIS, Respondent,**

v.

**Julia A. TILLIS, Appellant.**

**No. 22452.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 4, 1999.

Nolen W. Berry, Branson, for appellant.

Benn K. Upp, Greene & Curtis, L.L.P., Springfield, for respondent.

JOHN E. PARRISH, Judge.

Julia A. Tillis appeals a judgment in which the trial court found certain property was marital property that had not been distributed in an earlier dissolution of marriage action and awarded the property to Lonnie M. Tillis. The appeal must be dismissed.

■ Although neither party has raised an issue concerning appellate jurisdiction, it is this court's duty to do so *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App.1996). "Where the record on appeal presents a question about a judgment's finality, the appellate court is obliged to, *sua sponte*, resolve the issue." *Birdsong v. Bydalek*, 905 S.W.2d 896, 897 (Mo.App.1995).

■ An appellate court has jurisdiction only over final judgments. *McKean, supra*. "A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination." *Id* at 185–86. *See* Rule 74.01(b). In this case the trial court did not resolve all issues before it.

■ The judgment the trial court attempted to enter reflects two trial court case numbers, No. CV197–977CC, the case to which the notice of appeal is directed, and No. CV197–539DR, the parties' dissolution of marriage action. The word "Consolidated" appears in parenthesis immediately below the two trial court case numbers.[1] The purported judgment reflects action taken on two motions filed in the dissolution of marriage case. It then recites:

> The Court finds the issues alleged in Petitioner's Amended Petition filed in Case No. CV197–977DR [sic] in favor of Petitioner [Lonnie Melvin Tillis]; it is therefore ordered, adjudged and decreed that the federal and state income tax refunds resulting from a net operating loss shown on the parties 1996 joint income tax return is awarded to Petitioner; it is further ordered, adjudged and decreed that the Clerk of the Circuit Court of Christian County, Missouri release to Petitioner or his representative, the funds previously deposited with the court in this cause; it is further

ordered adjudged and decreed that Respondent [Julia A. Tillis] execute any documents which may be required to effect the transfer to Petitioner of the state income tax refund awarded to Petitioner pursuant to this judgment.

The judgment does not address the three-count counterclaim that is set forth in the answer to the petition on which the case was tried.

Count I of the counterclaim asserts that the property settlement agreement in the parties' dissolution action that was approved and included as part of the judgment in that case is determinative. Count I asserts that the property settlement agreement requires any refund of 1993 and 1996 income taxes to be divided equally between the parties. Count I further alleges that the parties' 1992 federal income tax return has been audited and that a claim has been made that additional taxes are owed. It seeks an order for Mr. Tillis to hold Ms. Tillis "harmless from all 1992 tax liability" and requests the trial court to award Ms. Tillis reasonable attorney fees.

Count II of the counterclaim asserts that an agreement was made after entry of the judgment in the dissolution case. It alleges the post-dissolution agreement provided for an equal division of all tax refunds for 1996 and prior years in exchange for Ms. Tillis signing amended federal and state income tax returns for 1996 and 1993. Count II seeks judgment against Mr. Tillis "in the amount of one-half of any and all 1993 and 1996 income tax refunds" and for reasonable attorney fees.

Count III of the counterclaim is an alternative claim by which Ms. Tillis asserts Mr. Tillis should be estopped from denying he agreed that she would receive one-half of any and all tax refunds in exchange for her having signed amended returns. Count III seeks judgment against Mr. Tillis "in the amount of one-half of any and all 1993 and 1996 income tax refunds together

---

1. The record on appeal contains no other reference to case No. CV197–977CC being consolidated with another case.

with a reasonable attorney fee, costs and all other just and equitable relief."

The trial court did not find, pursuant to Rule 74.01(b), that there was no reason to delay entering judgment notwithstanding its failure to adjudicate the issues presented by Ms. Tillis' counterclaim. There is no final judgment. This court is without jurisdiction to hear the appeal.

As suggested in *Watson v. Moore*, 983 S.W.2d 208 (Mo.App.1999):

In formulating a judgment in a multi-count case, it is helpful to identify the specific counts presented by the pleadings and enunciate particular findings with respect to each count. It is likewise helpful if a judgment's decretal pronouncements identify with particularity the claim adjudicated by each pronouncement. Judgments fashioned in this manner assist in ascertaining whether all claims of all parties have been determined.

*Id.* at 209. This is apropos to cases in which claims are made by counterclaim, as well as to cases that include multi-count claims in the petition. The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.